3me 66
92 625
3me 65
f102 528
3me 65
d115 838

CASE 17—PETITION ORDINARY—JUNE 21.

## Coleman vs. Walker, &c.

APPEAL FROM ANDERSON CIRCUIT COURT.

Whenever the legal estate and right of action is vested in a trustee for the benefit of another, the same may be barred by the statute of limitation, and this though the beneficiary be an infant. And whenever the right of action upon the part of the trustee is barred by time, such bar operates to defeat the equitable right of the *cestui que trust.*

That the beneficiary of a note was an infant and *feme covert*—the note having been executed to her guardian for loaned money belonging to her, which fact was known to the sureties therein, and assigned by the guardian to the husband, cannot pre-

vent the sureties from relying upon the seven years limitation when sued by the husband.

The successful application to the payee by the sureties in a note, for indulgence, although for their accommodation—the principal being insolvent and the delay thus occasioned extending beyond seven years after the maturity of the note—cannot be regarded as defeating or obstructing suit upon the note by the payee, and cannot therefore deprive the sureties of the protection of the act of 1838, limiting actions against sureties to seven years. The words "defeat or obstruct," as used in the act *supra*, signify the performance of some act on the part of the sureties which will amount to a prevention or hindrance of a suit in opposition to the will and rights of the creditor, such as he cannot with reasonable diligence overcome.

W. W. PENNY, for appellant, cited *sec. 6 of act of* 1838.

P. B. THOMPSON, on same side.

JAMES D. HARDIN, on same side, cited 17 *B. Mon.*, 360 ; 10 *B. Mon.*, 16 ; *secs. 3 and 6, act of* 1838, 3 *Stat. Law,* 559 ; 15 *B. Mon.*, 134–5.

J. H. D. McKEE and T. N. & D. W. LINDSEY, for appellees, cited *act of* 1838, 3 *Stat. Law,* 559 ; 8 *B. Mon.*, 46 ; 14 *Ib.*, 308 ; 17 *B. Mon.*, 381 ; 12 *Ib.*, 388 ; *Ib.*, 401 ; 8 *Ib.*, 394 ; 9 *Ib.*, 443 ; 8 *Ib.*, 7 ; 15 *Ib.*, 133.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

Wilson and Reading were sureties for Walker & Cummins in a note for twelve hundred and three dollars, payable to Jordan H. Walker as guardian for D. A. Jordan, executed in 1850, and due in January, 1851.

The ward, D. A. Jordan, intermarried with appellant in 1857, just before she arrived at age, and in 1859 the guardian transferred said note to Coleman as a part of the ward's estate. Some payments were made upon the note in 1858, but no suit was ever brought upon it until after the expiration of seven years from its maturity, when Coleman, as the assignee of Walker, instituted proceedings against the principals and sureties for the balance due.

The principals in the note had, in the meantime, become insolvent, and made no defense ; but the sureties relied on the lapse of time as exonerating them, and formally presented that defense in their answers.

Upon a submission of the law and facts to the court the defense of the sureties was held sufficient, and a judgment ren-

Coleman vs. Walker, &c.

dered in their behalf for costs, to reverse which Coleman has prosecuted this appeal.

It appears from the bill of exceptions, that the note was given for loaned money belonging to the ward, of which fact the sureties were apprised at the time; that the ward did not arrive at age until after her marriage with Coleman, which occurred in 1857 ; that the guardian had, from time to time after the maturity of the note, granted indulgence to the sureties upon their special request made within less than seven years before the suit was brought, and after they had ascertained that they would be compelled to pay the balance of the note in consequence of the insolvency of the principal, and also, that except for the said requests so made the guardian would have sued upon the note before the seven years had elapsed, and that he was thereby induced not to sue.

Upon these facts it is contended, in behalf of appellant, that, although seven years had elapsed after the note matured before suit was brought, the sureties are not exonerated under the statute of limitation, because (1) the beneficiary of the note was an infant and *feme covert*, and was therefore protected from its operation until the removal of said disabilities, and (2) because the acts of the sureties, in inducing the holder and payee of the note not to sue until after the seven years had expired, amounted to a hindrance and obstruction of the suit by indirect means, within the exceptions of the law, which precluded them from its protection.

In reply to the first ground it is sufficient to say, that the guardian was the payee of the note and trustee for his ward, and that the right of action upon the note was in him, and so continued, until he assigned it to Coleman. He might have sued at any time after its maturity, and as held by this court in *Edwards vs. Woolfolk*, (17 B. Mon., 381,) whenever the legal estate and right of action is vested in a trustee for the benefit of another, the same may be barred by the statute of limitation, and this though the beneficiary be an infant. And whenever the right of action upon the part of the trustee is barred by time, such bar operates to defeat the equitable right of the cestui que trust. (*Hill on Trustees*, 504; 3 P. Williams, 310.)

So that in this case no benefit accrues to appellant because of the infancy and coverture of his wife, even if she could be regarded as a mere *cestui que trust*.

And now in regard to the second ground.

The act of 1838, (3 *Stat. Law*, 559,) which releases a surety upon a written obligation, after the lapse of seven years without suit thereon, and which was in force at the maturity of the note, and applies to this case, provides, in the 6th section thereof, as follows:

"That if any person or persons, defendant or defendants, to any of the aforesaid actions, shall abscond or conceal themselves, or by removal out of the country or the county where he or they do or shall reside where such cause of action accrued, or by any other indirect ways or means, *defeat or obstruct* any person or persons, who have title thereto, from bringing or maintaining any of the aforesaid actions within the respective times limited by this act, then and in such case, such defendant or defendants are not admitted to plead this act in bar to any of the aforesaid actions, anything in this law to the contrary notwithstanding."

Unless the successful applications for further indulgence on the part of the sureties can be regarded as defeating or obstructing the suit upon the note, within the seven years after its maturity, they are certainly protected by the statute.

The words "defeat or obstruct," as used in the act, signify the performance of some act on the part of the sureties, which will amount to a prevention or hindrance of a suit in opposition to the will and rights of the creditor, such as he cannot with reasonable diligence overcome. The terms import resistance and obstruction to his rights, and unless the acts complained of are, in point of fact, such as would hinder and prevent him from bringing the suit, notwithstanding his desire to do so, they cannot properly be said to "defeat or obstruct" such suit.

Here there seems to have been no attempt to thwart or hinder the creditor from suing on the note in opposition to his own desire. On the contrary, application was made for his indulgence, and his consent thereto obtained. He was not

therefore defeated or obstructed from bringing the suit, but could at any time, after the maturity of the note, have commenced proceedings thereon. The delay was not in opposition to, but in accordance with, his will, and although it resulted from the application of the sureties, and was for their accommodation, it cannot be ascribed to any hindrance or obstruction they presented to his legal rights; and such applications for indulgence, although granted, cannot preclude the sureties from the protection of the statute.

Conceding, then, that the payee of the note was a competent witness, and giving full effect to his testimony, it results from the foregoing view that the judgment of the circuit court in behalf of appellees was right.

Judgment *affirmed.*