CASE 54—PETITION ORDINARY—SEPTEMBER 23.

# Walker and wife vs. Sayers and Hopkins.

### APPEAL FROM NELSON CIRCUIT COURT.

1. "If such surety shall abscond, conceal himself, or by removal from the State *or otherwise, obstruct or hinder his being sued,* the time of such obstruction shall not be computed as part of the time of limitation," seven years. (*Sec.* 15, *chap.* 97, *Rev. Stat.,* 2 *Stant.,* 401.)

A promise made by a surety to a confiding creditor, that the debt should be paid at a named time, which the creditor relied upon, is such an *obstruction and hindrance* as is embraced by said statute.

2. A surety may obstruct or hinder suit against him, by promising to pay at a named time, and the time of the delay produced by such promise should not be computed as part of the time of the seven years' limitation provided by said statute. (*R. S., sec.* 15, *chap.* 97.)

W. R. GRIGSBY, For Appellants,

CITED—

18 *B. Mon.,* 649–50 ; *Emmons vs. Overton.*
13 *B. Mon.,* 403 ; *Hord vs. Chandler.*

WM. JOHNSON and
MUIR & WICKLIFFE, For Appellees,

CITED—

18 *B. Mon.,* 649 ; *Emmons vs. Overton.*
3 *Met.,* 329–30 ; *Kimble vs. Cummins.*
15 *B. Mon.,* 134.
*Rev. Stat., secs.* 14, 15, *chap.* 97, 2 *Stant.,* 400–1.
3 *Met.,* 65–9 ; *Coleman vs. Walker.*
2 *Met.,* 148–9 ; *Chiles vs. Drake.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a suit by appellants against appellees on a note for three hundred dollars, executed to Mrs. Walker

May 6, 1858, due in one year, by B. F. Flanders and appellees, he being principal and they securities, with a credit of thirty dollars thereon August 15, 1862, soon after which the principal died insolvent.

In the summer or fall of 1865, Sayers wrote to Mrs. Walker: "You need give yourself no uneasiness about the money; you shall have it this fall, certain."

April 12, 1866, Hopkins wrote to Mr. Walker, saying, among other things: "Mr. Sayers was here yesterday, and says he is ready to make his part of the payment. I have some money due me on 12th day of next month. I have notified the parties that I will need it, and they say they will be sure to have it; so if you will come up on 13th or 14th you will be sure to have it."

The evidence induces the belief that this letter was written by Sayers, though in the name and at the instance of Hopkins, though some of the witnesses say it resembles Mrs. Sayers' handwriting, whose writing is very similar to that of her husband.

Walker, who lived some forty miles distant, and in another county, did come, according to said invitation, to get the money; but, instead of making payment, Hopkins informed him that the debt was barred by the statute of limitations, and they did not intend to pay it; and when suit was brought on it, the 11th of the following July, they demurred to the petition because said debt was, as they insisted, barred; and which demurrer was erroneously confessed, and an amended petition filed, setting out the facts and said letters.

The day named by Hopkins to pay the money was six or seven days after the expiration of seven years from the date the note was due, and the day suit was brought was seven years, two months, and five days from the time it was due.

Walker and wife vs. Sayers and Hopkins.

On the defense of bar by limitation, the court gave to the jury a peremptory instruction to find for defendants, which they did, and which the plaintiffs seek to reverse.

It is provided by section 15, chapter 97, 2 Stanton's Revised Statutes, 401, that "if any surety shall abscond, conceal himself, or by removal from the State *or otherwise, obstruct or hinder his being sued,* the time of such obstruction shall not be computed as part of time of limitation in said sections allowed—referring to the three preceding sections, one of which provides for the release of securities after the lapse of seven years from the accrual of the right of action, without suit having been brought. In *Coleman vs. Walker, &c.,* 3 *Met.,* 68, this court expounded the exception to the exception to the statute of 1838 (3 *Statute Laws,* 559); but the language in that statute is, " or by any other indirect ways or means *defeat or obstruct* any person or persons, who have title thereto, from bringing or maintaining any of the aforesaid actions, within the respective times limited by this act," then said bar shall not apply; and in said case this court held that the words " *defeat or obstruct,*" as used in this act, signify the performance of some act on the part of the sureties which will amount to a prevention or hindrance of a suit in opposition to the will and rights of a creditor, such as he cannot, with reasonable diligence, overcome. *The terms,* said the court, *import resistance and obstruction to his rights,* and unless the acts complained of are, in point of fact, *such as would hinder and prevent him from bringing the suit, notwithstanding his desire to do so, they cannot properly be said to defeat or obstruct such suit.*"

Without stopping now to discuss whether this construction was not too literal and narrow, and a sacri-

fice of an equitable and just construction of the statute to a more rigid literal import of the terms "*defeat or obstruct*," and permitting sureties who should, by false promises, lull and deceive a confiding creditor into a delay, and then, in their own wrong, avail themselves of the delay so produced by their own conduct, we draw a distinction between that statute and the one found in our revision of 1850.

The terms used in this latter statute are, "or otherwise obstruct or *hinder;*" and not, as in the former, obstruct and *defeat*. There is certainly a distinction between the words *defeat* and *hinder*. The latter, says Webster, means "to interpose obstacles or impediments," whilst the former means "frustration; a rendering null and void; to resist with success," &c. Now, there is nothing clearer than a promise made to a confiding creditor that the debt should be paid at a named time, and which the creditor relied upon, is both an obstacle and impediment to the bringing the suit.

1. Because the creditor thereby is induced to believe he can get his money sooner than by suit, and without the expense of litigation.

2. Having received this promise, and relying on it and consenting thereto, he cannot bring suit without a violation of this express or implied assent.

3. To disregard such a pledge, and, notwithstanding, bring suit, is virtually to dishonor the sacred word and pledge of his debtor, and say to him, I put no faith in your word; which is at all times unpleasant and often unprofitable. That such a promise by the debtor should be regarded as a hindrance, when relied on and accepted by the creditor, is not only consonant with good morals, and that faith that should exist and be encouraged be-

tween man and man, but is perfectly consistent with a just, reasonable, and equitable construction of the statute ; whilst the contrary construction is to give a legal license to fraud and deception, and to enable the cunning and wary to betray the unsuspecting and confiding, which is both incompatible with the objects and intentions of the law and the administrations of courts of justice. It is most manifest, that when this last letter was written, neither of the appellees intended to pay the debt at the designated time; and the jury may infer, from all the transaction, that both appellees were acting in concert to delay suit until the seven years should elapse; and if so, they should deduct the time of the delay produced by the first letter as against both, as well as the delay produced by the last one; and even if Hopkins be not connected with the first letter, tacitly or otherwise, yet the time of delay produced by both letters should be deducted as against Sayers, if the jury shall believe he wrote the last one, and the time of delay caused by the first letter under any circumstances. So that, in any view of the case, the peremptory instruction to the jury was radically erroneous; and for which error the judgment must be reversed, when, on a return of the cause, either party should be permitted to amend their pleadings, should they offer to do so within a reasonable time. If the time of delay caused by both letters be deducted against both, or either, or if only the delay caused by the first letter should be deducted, it is impossible for any court to say the debt is barred, for this time is uncertain, and must be ascertained by the jury. If the first letter was written in the summer of 1865, then at least the whole three fall months should be deducted as against Sayers, if not also against Hopkins; and if this be deducted, the debt was not barred as to him; but if

it was written in the fall, and he wrote the Hopkins letter, then the two periods of delay should be deducted as to him, and also as to Hopkins, if the jury shall believe he assented thereto, or acted in concert with Sayers in the first letter.

Wherefore, the judgment is reversed.