JUDGE HARDIN
delivered the opinion op the court.
On the 11th of September, 1865, Ralph Mattingly, being involved in debt, conveyed his property, including a tract of about one hundred and forty-five acres of land, to Edward H. Mattingly in trust for the benefit of said R. Mattingly’s creditors; and afterward, on the 14th day of October, 1865, said R. and E. H. Mattingly caused a sale of the land to be made at auction, at which George W. Graves became the purchaser at his bid of forty-one dollars and one cent per acre; and, to render the terms of the sale obligatory, the parties executed a written agreement, in which said R. Mattingly individually and E. H. Mattingly as trustee covenanted to convey the land to Graves, “with clause of general warranty.” Graves afterward executed notes for the purchase - money, and said Mattinglys conveyed the land to him, reserving a lien for the price, and warranting the title according to said agreement.
Subsequently, and when part of the notes of Graves had been paid, Ralph Mattingly died, leaving a widow, *363 who was his wife before the sale and when he was in possession of the land; and who, shortly after her husband’s death, asserted her claim to dower in the land, and succeeded therein in recovering the possession from Graves of about forty acres of the land.
Graves brought this suit against E. H. Mattingly, setting forth the' above stated facts, and seeking to recover, for the breach of warranty in the deed to him, the sum of one thousand six hundred dollars; and that- hb be allowed to retain in part satisfaction thereof a balance of about one thousand three hundred dollars of the purchase-money remaining unpaid.
The defendant set forth in his answer that by the terms of the sale, as proclaimed and understood at the time, the plaintiff purchased the land subject to the contingent right óf dower of B. Mattingly’s wife; and that said stipulations of warranty in the writings were without consideration, and inserted by the attorney who drew the papers by mistake ; and that the writings were executed by the parties under the mistaken belief that they did not have the effect of a warranty against a recovery of dower by Mrs. Mat-tingly in the event of her surviving her husband. And the defendant asked “that said papers be corrected and made to conform to the real contract between the parties.” A judgment was rendered dismissing the petition, and the plaintiff has 'appealed to this court.
Among the depositions made in the defense was that of the defendant, as to which the court overruled an exception taken by the plaintiff on the ground that the witness was a party testifying in his own behalf, and the first inquiry is as to the competency of his testimony. It appears from his examination that when he testified he had collected the balance of the purchase-money from Graves by a suit at law, and that, without security for *364 restitution, he had paid off Ralph Mattingly’s debts in full — such an amount that if the plaintiff succeeded in this suit there did not remain enough in his hands of the estate to satisfy the recovery.
The covenant of warranty, though made by the appellee as trustee, was his own obligation, at least to the extent of the sum he was enabled to realize by so warranting the title; and having received the money, he was responsible for it on the covenant being broken (Nicholas’s heirs and ex’r v. James, 3 Marshall, 385), and having voluntarily applied the money to the discharge of R. Mattingly’s debts, he was directly liable to loss in the event of a recovery against him by the plaintiff, and therefore personally interested in the action. Therefore the exception to the defendant’s deposition should have been sustained.
But, excluding the testimony of the appellee, there is competent evidence in the case conducing strongly to prove that by the terms of the sale, as announced by the appellee and the auctioneers at the time the land was being bid off by the appellant, and heard and understood by him, the vendors at that time meant and intended to sell the land subject to Mrs. Mattingly’s potential right of dower. But, although the inference is strong that this was also the understanding of the appellant when he became the accepted bidder, there is no other evidence of the alleged mistake in the writings except the discrepancy thus made apparent between the parol agreement of the parties and the subsequently executed written memorials of the contract.
It appears from the answer of the appellee that the draftsman of the writings was his employed attorney and legal adviser. His deposition, however, was not taken, and there is no direct evidence that the covenants of warranty were inserted in the writings in consequence of any *365 accident or mistake; and there is no evidence of fraud. Ought the court on this state of facts to have enforced the- covenant of warranty, or to have given effect to the preliminary parol agreement or understanding of the parties? As a general rule, “mistake or ignorance of facts in parties is a proper subject of relief only when it constitutes a material ingredient in the contract of the parties and disappoints their intention by a mutual error, or when it is inconsistent with good faith and proceeds from a violation of the obligations which are imposed by law upon the conscience of either party” (1 Story’s Equity, sec. 151); and relief will be granted on the ground of mistake in a written instrument only when the mistake is plainly and clearly made out by satisfactory proof. (Story, supra, sec. 157; Worley v. Tuggle, &c., 4 Bush, 168.)
Although the evidence conduces to prove the verbal understanding of the parties, previous to the execution of the writings, to have been different from that which is imported by them, as the writings may nevertheless express the final agreement of the parties, and there is no certain evidence that they do not, it seems to us the plaintiff' was entitled to relief, unless he was concluded by the state of the pleadings.
But it is insisted for the appellee that the allegations and prayer of the answer were such as to constitute a counter-claim, which, not being controverted by a reply, should have been taken as confessed. As the answer was not made a cross-petition against the widow and heirs of Ralph Mattingly, who, as well as the plaintiff, would have been necessary parties to a suit to correct the alleged mistake by reforming the deed to the plaintiff, and as exoneration from liability on the warranty in the deed is substantially the relief sought in the answer, it should, in our opinion, have been treated as an answer setting up *366 affirmative matters of defense only. But as tbe parties, if not tbe court, may from tbe ambiguous form of tbe answer bave misconstrued it, it will be proper on tbe return of tbe cause to allow amended or other appropriate pleadings to be filed, and further preparation to be made. And to enforce tbe warranty of Ralph Mattingly as to any available assets of bis estate, tbe plaintiff should be permitted to so amend bis petition as to make tbe personal representative and heirs of said decedent also defendants to tbe action.
Wherefore tbe judgment, being deemed erroneous, is reversed, and tbe cause remanded for further proceedings not inconsistent with this opinion.