A. G. TALBOTT *v.* N. T. LEE.

Contracts—Mistakes Corrected.
  Relief can only be granted on the ground of mistake in a written instrument when the mistake is plainly and clearly proved.

Same.
  The instrument should be treated as a full and correct expression of the intention of the parties, until the contrary is established beyond reasonable controversy.

APPEAL FROM BOYLE CIRCUIT COURT.

December 7, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant, having by his agent, P. M. Talbott, sold and delivered to the appellee, in 1857, a slave named Brown for the consideration of $1000, executed to the appellee his bill of sale, containing a covenant warranting the slave to be sound in body and mind; and the slave having proved to be afflicted with a disease, which materially impaired his value, this action was brought by the appellee, in November 1858, for the recovery of damages for the breach of the warranty.

The appellant by his answer and cross-petition, sought to reform and correct the written memorial of the contract, on the ground that the warranty of soundness, was inserted in the writing, contrary to the agreement of the parties, and executed by his agent through a mistake; and therefore to avoid the liability imported by it. The court, on the evidence adjudged this ground of defense not sustained; and upon a trial of the question of damages, rendered a judgment for the plaintiff for $350, from which this appeal is prosecuted.

There is some contrariety of evidence as to the character and extent of the disease of the slave at the time of the contract, and its effect on his value; but there does not appear to be any preponderance of the evidence against the amount of damages found by the court, as to authorize a reversal of the judgment on that ground.

Nor did the court err in refusing to reform the written contract. Relief should only be granted on the ground of mistake in a written contract when the mistake is plainly and clearly proved. But if the proof is unsatisfactory, and the mistake not made entirely plain, equity will withhold relief upon the ground that the writing ought to be treated as a full and correct expression of the intention of the parties, until the contrary if established beyond reasonable controversy. (1 Story's Equity Jurisprudence sec. 162; Graves v. Mattingly, 6 Bush, 361). We do not think the alleged mistake in this case is so established. Against the plain import of the writing, and some corroborative facts, the affirmative allegation of mistake, which is expressly controverted by the reply of the appellee, is not supported except by the testimony of Talbott, the agent who made the sale; and while his testimony is explicit as to his own intention to sell the slave without devolving on his principal, responsibility for his soundness, and that he endeavored in good faith to give the appellee correct information as to the health and physical condition of the slave, the facts proved by him, conduce rather inferentially than directly to establish an agreement on the part of the appellee to insure the usual warranty of soundness in the contract, which, it is reasonable to suppose, he would, as a prudent purchaser, have required, from the price he paid, and the reasons he had for doubting the soundness of the slave.

Upon the whole, we must regard the unambiguous stipulations of the writing as containing the best evidence of the terms of the contract.

Wherefore the judgment is *affirmed*.

*Durham, for appellant.*

*Quisenberry, for appellee.*