CASE 48—PETITION—OCTOBER 7.

# Carr's executor v. Robinson & Dudley.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. "IF NOT PAID, I REQUEST INDULGENCE."—This indorsement on a promissory note, made by the obligor at or about the time the note was. executed, was no such continued request as would estop the obligor from pleading the statute.

   A mere request made for indulgence, either verbally or in writing, twenty years before the institution of the suit, is no reason for forbearance for such a length of time, and can not be relied on by the obligees as having been made to lull them into security, in order that the statute might be successfully pleaded.

   Evidence that such a request was the cause of the indulgence was incompetent.

2. NEW PROMISE MADE AFTER THE STATUTORY BAR.—If the promise to pay a note was made after the right of action thereon had been barred by lapse of time, or if the promise was made more than fifteen years after the maturity of the note, this promise created a new obligation, and constituted a new cause of action, and the action should be upon this promise, and not upon the original debt.

3. NEW PROMISE MADE BEFORE THE STATUTORY BAR.—If the promise to pay the debt was made within fifteen years from the maturity of the note, then the statute commenced running from the promise; and if fifteen years had not elapsed from the date of the promise to the institution of the action, it presented no obstacle in the way of a recovery.

4. After the lapse of fifteen years from the maturity of the note without suit the obligation or note is regarded as dead, and it can not be revived by any promise to pay so as to authorize a suit on the original debt or obligation.

5. But if the promise is made during the fifteen years from the maturity of the note or obligation, it lengthens the validity of the paper, and the statute commences to run from the date of the promise.

6. When the statute of limitation is applicable to causes of action which originated before the adoption of the Revised Statutes, all the causes arising during the period of the running of the statute that would exempt the case from its operation must be made to apply also.

7. When a note or obligation is silent as to when interest is to run, the law implies that it bears interest only from the time it falls due or becomes payable.

"I promise to pay to the trustees of the Kentucky Baptist Education Society, or order, five hundred dollars for value received. This is a donation which shall be binding and *due* when the sum of seventy-five thousand dollars shall be obtained in cash or promissory notes given for like purpose, and *it shall be paid at my death.*"
. . . *Held,* that the above obligation commenced to draw interest at the death of the obligor.

8. Payments of interest by mistake when no interest was due are applied as payments on the principal debt at the date of the maturity of the obligation.

HUSTON & MULLIGAN,    .  .⎫
BRECKINRIDGE & BUCKNER, ⎭    .   .   .   .   For Appellant,

### CITED

Myers's Supplement, pages 295, 424–429, 750–752.
Session Acts, 1828–29, page 85.
Angell & Ames on Corporations, section 110.
Smith's Mercantile Law, page 141.
Civil Code, section 33.
Act of 2 and 3 William IV., chapter 115.
1 Smith's Leading Cases, part 2, page 888.
4 Hurlst. & Norm. 273, Goodman v. Cully.
4 Hurlst. & Norm. 377, Edwards v. Cully.
2 Younge & Collier, 676, Greenfell v. Girdlestone.
4 Sandford, 427, Bloodgood v. Bruen.
4 Selden, 362.        4 Bibb, 246.
1 Monroe, 209, Gore v. Beck.
2 Parsons on Contracts, 516, edition of 1864.
3 Parsons on Contracts, 103, edition of 1864.
2 Marshall, 286, Pollard v. Yoder.
3 Story's Reports, 336.
9 B. Monroe, 44, Egbert v. McMichail.
8 B. Monroe, 7, Graham v. Hunt.
6 Bush, 375, Hopkins, &c. v. Stout.
4 Metcalfe, 73, Chiles, &c. v. Monroe.
1 Bush, 140, Gibson v. Belcher.
2 Metcalfe, 292, Berry & Johnson v. Ransdall.
2 Bush, 231, Lockhart v. Yeiser & Co.
4 Bush, 538, Vandiver, &c. v. Hodge, adm'r.
6 Bingham, 258, Towler v. Chatterton.

Carr's executor v. Robinson & Dudley.

7 Eng. Chancery, 341.     7 Eng. Chancery, 88.
2 Mylne & Keen, 221, Bradshaw v. Tasker.
1 Adol. & Ellis, 338, Freeman v. Moyes.
1 Duvall, 349, Thornton, &c. v. McGrath.
2 Duvall, 508, Woodcock v. Bowman.
1 Bush, 607, Pettit's adm'r v. Johnson.
4 Connecticut, 226, Goshen v. Stonington.
6 Connecticut, 58.     7 Connecticut, 319, 551.
3 Dallas, 386.     2 Peters, 380.
8 Peters, 88.     7 Met. (Mass.) 389.
3 Denio, 173.     7 Watts, 300.
11 Peters, 420.     17 Howard, 610.
16 Barbour, 188.     10 Serg. & Rawle, 97.
16 Serg. & Rawle, 35.     16 B. Monroe, 296.
18 B. Monroe, 389.     18 B. Monroe, 781.
10 Exchequer, 333, 341, Badger v. Arch.
10 B. Monroe, 155, Carson v. Osborn.

KINKEAD & BUCKNER, . . . . . . . For Appellees,

CITED

Dev. & Batt. 70, Powell, administrator v. Guy.
Broom's Legal Maxims, page 238.
5 Bush, 579, Walker and wife v. Sayres and Hopkins.
3 Metcalfe, 68, Coleman v. Walker.
6 Bush, 375, Hopkins, &c. v. Stout.
1 American Leading Cases, 499.
5 Humphrey, 406, Rollman, adm'r v. Baker.
4 Monroe, 445, Jennings v. Anderson.
2 Blackstone.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The Kentucky Baptist Education Society instituted this action in the Fayette Circuit Court against A. K. Marshall, as the executor of the last will of Martha Carr, deceased, upon the following notes, viz. :

"On the 1st day of January, 1845, I promise to pay the trustees of the Kentucky Education Society one thousand dollars, value received, this 22d April, 1843."

This note has the following indorsement thereon: " *If not paid I request indulgence.*" The second note is as follows:

"FAYETTE COUNTY, April 14, 1857.

"I promise to pay to the trustees of the Kentucky Baptist Education Society, or order, five hundred dollars for value received. This is a donation which shall be binding and due when the sum of seventy-five thousand dollars shall be obtained in cash or promissory notes, given for like purpose, and it shall be paid at my death. The fact that such sum has been obtained, and the time when completed, shall be determined by the executive committee of said trustees, and entered upon their record. The certificate of the chairman of said committee shall be evidence of the fact."

Both of these notes are signed by Martha Carr. There are two separate receipts executed to Mrs. Carr for thirty dollars each, paid by her as interest on this last note—the one dated 1st of September, 1857, and the other dated the 30th of June, 1859.

The executor pleads the statutes of limitation as a bar to any recovery upon the note for one thousand dollars; he also alleges that it was executed without any consideration whatever, and when executed it was agreed that it was to bear no interest.

As to the note for five hundred dollars, the executor alleges that it was signed upon the express contract that it was not to be paid until the death of Mrs. Carr, and was not to bear any interest until after her death; that through mistake she made two payments of interest thereon, of thirty dollars each, and is now entitled to a credit for these amounts on the principal, etc. Upon the issues thus formed the jury returned a verdict in favor of the appellees for the amount of the two notes with interest, and upon the five hundred dollar note interest to commence running from the 1st of September, 1857. The appellant's motion for a new trial having been overruled, the case is brought here for revision.

The appellees insist that the indorsement on the one thou-

sand dollar note having been made by Mrs. Carr (as the proof shows), in which she asks indulgence, was the inducement for the appellees to prolong the collection of that note. The indorsement on the note was a request for indulgence, but we are inclined to the opinion that it was no such continued request as would estop the appellant from relying on the statute. This request was made at or about the time the note was executed, and there was no reason why suit could not have been instituted at any time afterward; and no more force should be attached to this indorsement than if the request had been verbally made when the note was signed. A mere request made for indulgence, either verbally or in writing, twenty years before the institution of the suit, is no reason for forbearance for such a length of time, and can not be relied on by the obligees in the note as having been made to lull them into security in order that the statute might be successfully pleaded.

There is no analogy between this case and the case of Walker and wife v. Sayres & Hopkins, 5 Bush, 579. The statement of McCalla that he supposed or that this request was the cause of the indulgence was incompetent; and in the absence of any proof showing that the indulgence was extended by reason of renewed requests by the decedent we think no importance should be attached to this indorsement. The paper purporting to be the will of Mrs. Carr was no evidence that the collection of this debt was postponed at *her* renewed solicitation and request. The contents of this paper, on the subject of this note, did not amount to such a promise as could take the case out of the statute, nor was it evidence of any other fact than that the note had been executed by her, and no such issue as this is made by the pleadings.

The admission of this paper as evidence to the jury had no doubt much weight with them when considering of their verdict, and, whether it did or not, should have been excluded

from the jury. It should be regarded as a mere private memorandum referring to her benevolent action in making the donation, and not as any evidence of the creation of a new liability on her part.

The court, at the instance of counsel for appellees, gave the following instruction: "The plaintiffs ask the court to say to the jury that they ought to find for the plaintiffs the amount of the note for one thousand dollars, with interest from the 1st of January, 1845, if they believe from the evidence that the decedent, Martha Carr, within fifteen years next before the institution of this suit, recognized this debt as a subsisting debt, and agreed and promised to pay the same to plaintiffs or their authorized agent." This instruction should not have been given. More than fifteen years had elapsed from the maturity of this note to the date of the institution of this action, and the burden of proof was upon the appellees to show a state of fact that would relieve the demand from the operation of the statute. If a promise was made after the running of the statute, this promise created a new obligation, and constituted a new cause of action upon which suit should have been instituted. On the other hand, if a promise was made to pay the debt within fifteen years from the maturity of the note, then the statute commenced running from the date of the promise; and if fifteen years had not elapsed from the date of the promise to the institution of the action, it presented no obstacle in the way of a recovery. After the lapse of fifteen years from the maturity of the note without suit the obligation or note is regarded as dead, and it can not be revived by any promise to pay so as to authorize a suit on the original debt or obligation; but if the promise is made during the fifteen years from the maturity of the note or obligation, it lengthens the vitality of the paper, and the statute commences to run from the date of the promise. (Hopkins v. Stout, 6 Bush, 365.)

It is true that at the date of the execution of this note there was no statutory limitation in the way of its collection, and at that time the only effect of a promise or acknowledgment was to rebut the presumption of payment arising from the lapse of time.

In the case of Berry & Johnson v. Ransdall (4 Metcalfe, 292) this court decided that the act of the legislature of the 15th of March, 1862, entitled "An act to amend chapter 63 of the Revised Statutes, entitled 'Limitation of Actions and Suits,'" declaring "that the provisions of chapter 63 shall extend to and embrace all cases, whether the right of action accrued before or after the Revised Statutes took effect," was unconstitutional, because the act failed to allow a reasonable time after its passage for the commencement of suits on causes of action then existing. This constitutional objection was remedied by a legislative enactment passed May 31, 1865, by which a similar law was enacted, but not to take effect until one year from its passage. This act of the legislature, although retrospective in its operation, is applicable to the case before us, and when so applied all the causes arising during the period of the running of the statute that would exempt the case from its operation must be made to apply to the case also.

The proof of the appellee tends to show that Mrs. Carr in her life-time made frequent promises to pay this money, and the last promise, according to the witness McCalla, was made in August, 1860 or 1861. The statute had then run against the debt and was a complete bar to its recovery, and if such a promise was made at that time the action should have been upon this promise, and not upon the original debt; and although the witness speaks of frequent promises to pay, still the instruction, "that if the promise was made at any time within fifteen years before the bringing of the action they must find for the plaintiff," was clearly erroneous, as it deter-

mined, in effect, that although the jury may have believed the promise was made after the running of the statute, still they must find for the plaintiff. This is not the law of the case, as was decided by this court in the case of Hopkins v. Stout, *supra*. The jury should have been told that if they believed from the evidence that the decedent, Mrs. Carr, promised to pay this debt to the plaintiffs or their authorized agent within fifteen years from the date of the maturity of the note, then the statute of limitation commenced to run from the date of the promise only; and that if fifteen years had not elapsed from the date of the promise to the institution of the suit, they must find for the plaintiff.

The next question presented in the record is as to the time the five hundred dollar note began to bear interest. When a note or obligation is silent as to when interest is to run, the law implies that it bears interest only from the time it falls due or becomes payable. A note may be made payable or become due at a particular time and bear interest previous to that time, and such notes are often executed; but when a note falls due or is made payable the obligee or owner can collect it, and if the obligor is in default suit may be instituted upon it. In this case the language of the obligation is that it is binding and due when seventy-five thousand dollars is raised by subscription, but not to be paid until the death of Mrs. Carr. Now if the note was due when this money was raised (and the proof shows the subscriptions were made for this amount in 1857), why could not the holder institute his action at once to recover? Simply because the obligation itself says that the money is not to be paid until after her death, and it necessarily follows that the note was not due until the happening of that event. It will not do to say that it is the interest that is due and not the principal, because the obligation reads that the donation is binding and due when the subscription is raised.

If appellee's construction is at all proper, it must make the

whole amount of the donation due at that time, and this would be in direct conflict with the plain language of the instrument itself. The words binding and due were used in reference to the raising of the money by subscription, and meant that when the amount stated was raised the writing was obligatory on the obligor, and made her estate liable for it at her death. This obligation did not bear interest until after Mrs. Carr's death, and it was erroneous to render a judgment for interest previous to that time. She no doubt paid the interest through mistake, and the amounts paid should be credited as paid on the note at her death. The other errors assigned by counsel for appellant are deemed merely technical, and are not considered.

The judgment of the court below is reversed, and cause remanded with directions to set aside the verdict of the jury and award a new trial, and for further proceedings consistent with this opinion.