MILTON GROHAGAN & CO. *v.* HEAD QUARTERS & STEEL RUN TURN-PIKE R. CO.

**Reformation of Instruments—Vagueness and Uncertainty of Instrument.**
The evidence was held too vague and uncertain, both as to the existence of mistake of fact and the character of the obligation intended to be imposed by a resolution passed by stockholders of a turnpike company, to authorize the chancellor to reform the contract, either for the purpose of giving it a certain legal effect or of adjudging relief against it.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 17, 1873.

OPINION BY JUDGE HARDIN:

In this action, which was brought by Milton Grohagan against the Head Quarters and Steel Run Turnpike Company, on the note of its board of directors to him, for $538, the corporation filed an an-

swer, admitting the execution of the note, and that it was given as expressed on its face, for work done on the defendant's road, but alleging, by way of cross-petition against the individual stockholders in said company, including the plaintiff, in substance, that it being ascertained after the organization of the company and the subscription of part of the stock which was necessary to construct the contemplated turnpike road of six and three-quarters miles in length, that about $5,000 more than had been subscribed would be required to enable the company to complete the road, a meeting of the stockholders was called and held on the 28th day of July, 1866, "for the express purpose of devising some means of making and completing said road." That after considering and rejecting other propositions, the meeting, by the vote of a majority, adopted a resolution which, as shown by the record kept by the clerk and signed by the president of the board, is as follows: "That the *stockholders* authorize the board of directors to go ahead and let out all the sections on the road they could at a cost of not more than three thousand dollars. ($3,000) per mile and the company be responsible for all indebtedness that may accumulate in completing the road, until the same is all paid." That by mistake in reducing this resolution to writing, the word *"Company"* was used instead of the word *"Stockholders,"* the meaning and intention of those who voted for the resolution being that the stockholders who were present at the meeting would "be responsible for all indebtedness over and above the sums thus subscribed that might accumulate" in completing the road as aforesaid. And that on the faith of that undertaking, contracts were made and four miles of the road finished, and the residue was graded; but to complete the road and pay the indebtedness of the company it was necessary that the stockholders contribute, and to that end they sought to have said mistake corrected, and that the court ascertain, adjudge and enforce the liability of the individual stockholders accordingly.

Some of the stockholders answered the cross-petition controverting the alleged mistake in said resolution and questioning the power of the court to reform it; and others traversed the material facts conducing to bind them by it in any form. The relief sought against them was, moreover, resisted on the ground that the legal effect of the resolution was not such as to authorize it. On hearing the cause, it was adjudged in substance and effect that the stockholders

who voted for or acquiesced in said resolution were bound to contribute in proportion to their respective amounts of stock *towards providing* for the deficiency of stock, and that said writing be so *reformed* as to impart that obligation on their part; and the court referred the case to a commissioner to ascertain and report on this basis the sums to be so contributed, and further adjudged that for the amount so to be collected, the parties should be respectively entitled to additional stock in the corporation.

This appeal is prosecuted for a reversal of that judgment. According to the decided weight of the evidence, it was the intention of a majority of those who were present and participating in said meeting, that the action taken by the adoption of said resolution should be essential for binding those who participated in some form, individually, and not as mere members of the corporation, but it does not appear whether that intention was to indemnify the directors in proceeding to complete the road, or guarantee the payment of debts to be incurred by them, or to devolve on the directors an agency for them to make contracts on their individual responsibility; nor is it at all certain from the evidence that the supposed mistake in the resolution, if there was any, was not merely as to its legal effect, as it was written, and not as to the language used in expressing it.

Without considering the grave and difficult question as to the power of the court to reform a written instrument on the ground of mistake, by the interpretation of language, giving it an obligatory effect, which it did not before possess, a question on which this court has heretofore been divided in opinion, we deem it sufficient to say that we consider the evidence too vague and uncertain, both as to the existence of any mistake of fact and the character of obligation intended to be imposed by said resolution, to authorize the chancellor to reform it, either for the purpose of giving it a certain legal effect, or of adjudging relief against it (1 Story's Equity, Sec. 151: *Worley v. Tuggle, etc.,* 4 Bush 168; *Graves v. Mattingly,* 6 Bush 361) ; it being a well-settled principle that relief will not be granted on the ground of mistake in a written instrument, unless the mistake is plainly and clearly made out by satisfactory proof.

It is plain that said resolution, if not altered by the court, as it should not be, imports no greater obligation on the stockholders, on account of the cost of making the road, than the law would have imposed on them, as members of the corporation, if no such action had been taken.

. It results that the judgment or the cross-petition is erroneous.

Wherefore it is reversed and the same remanded with directions to dismiss the cross-petition and allow the plaintiff to pursue such remedy as he may have against the corporation and its property.

*Andrews, Ross, Breckenridge & Breckner, for appellants.*

· *Kennedy, for appellee.*