JUDGE COEER
delivered the opinion oe the court.
The appellee brought this suit September 2, 1875, on a note executed by A. J. Kennedy, as principal, and the appellant W. J. Kennedy, as surety, dated July 3, 1868, and due one day after date.
A. J. Kennedy pleaded a discharge in bankruptcy, and the appellant pleaded and relied upon the statute of limitations of seven years in favor of sureties. (See. 4, art. 6, chap. 71, Gen. Stat.)
A trial was had and verdict and judgment were rendered for plaintiff, and the defendant has appealed.
Numerous errors are alleged, but we need notice but one. The payee died February 26, and the appellee qualified as his executor March 8, 1875.
*481 Under section 5, article and chapter supra, the time elapsing between the death of the testator and the qualification of the executor is excluded in computing the period of limitation. Deducting this time, it appears that at the institution of the action the statutory period of seven years’ limitation had elapsed more than fifty days.
♦To avoid the prima facie bar thus presented the plaintiff offered evidence conducing to prove that both before and after the death of the testator the surety had verbally asked for time and promised to pay the debt, and that relying on such promise the testator and the executor had forborne to sue.
The court instructed that if the surety promised to pay the debt, and the testator and executor relied upon such promise and in consequence thereof did not sue, the jury should find for the plaintiff, and refused to instruct that they should find for the defendant unless the promise was in writing.
Section 5, article 6, chapter 71, General Statutes, provides, among other things, that the limitation given in sections 1, 2, 3, and 4 of that article shall not apply to “ any delay assented to by the surety, in writing,” and section 15 of chapter 97, Revised Statutes, title Sureties and Co-obligors, in force when the note was executed, contained a similar provision.
That the prescribed limitation shall not apply to any delay assented to, in writing, is equivalent to declaring that it shall apply to any delay not so assented to. This conclusion, would seem to be sufficiently obvious without argument or authority. But counsel cite the case of "Walker v. Sayers, 5 Bush, 579, as authority against this construction.
That case arose under the law as it stands now, and the court said, in substance and effect, that if a surety asked indulgence and promised to pay the debt, and the creditor confided in his promise and forbore to sue, the period of such forbearance should be deducted in computing the period of limitation, under that clause of the statute which declares that “ if such *482 surety shall abscond, conceal himself, or by removal from the state, or otherwise, obstruct or hinder his being sued, the time of such obstruction shall not be computed as part of the time of limitation.”
The act of 1838 (3 Statute Laws, 559), contained the words “defeat or obstruct,” instead of the words “obstruct or hinder,” contained in the Revised Statutes, and continued, in force in the General Statutes.
In Coleman v. Walker, 3 Met. 68, this court construed that clause of the statute of 1838, and especially the words “defeat or obstruct.”
The court said, “The words ‘defeat or obstruct,’ as used in the act, signify the performance of some act on the part of the sureties, which will amount to a prevention or hindrance of a suit in opposition to the will and the rights of the creditor, such as can not with reasonable diligence be overcome. The terms import resistance and obstruction to his rights, and unless the acts complained of are, in point of fact, such as would hinder and prevent him from bringing the suit, notwithstanding his desire to do so, they can not properly be said to ‘ defeat or obstruct’ such suit.”
This is in accordance with a well-settled rule of construction. When certain things are enumerated, and then a phrase or word is used which includes other things, but does not specify what other things were intended, such phrase or word will generally be confined to things of the same kind as those enumerated. (5 Term Reports, 375, 379; 1 Barn. & C. 237; 5 id. 640; 3 Randolph, 191.)
The acts specially designated as sufficient to deprive the surety of the right to compute the time of their continuance as part of the period of limitation are all of them such as obstruct or hinder the institution of the suit, although the creditor may desire to sue, and hence the phrase “or otherwise obstruct or hinder” must be construed to refer to ob *483 struetions or hindrances of a kind similar in character or having a similar effect as those specified.
A request to forbear, or a promise to pay the debt at a future time, can not in any just sense be said to either obstruct or hinder the bringing of an action. The failure to sue in such a case is the voluntary act of the creditor. He is left free to act as he may prefer, may sue if he will, and can not,' by any fair or reasonable interpretation, be said to be either obstructed or hindered.
We are the less reluctant to reach this conclusion, because it is in harmony with the conclusion reached in Coleman v. Walker, and also with the general rule of law, that the obligation of a surety is strictly legal, and because such a conclusion is in evident harmony with the general tendency of legislation in respect to the liability of sureties. Any other construction leaves open a broad field for litigation and perjury, which the provision, that indulgence assented to in writing should be excluded from the period of limitation, shows the legislature appreciated and intended to close. It may, upon a superficial view of the subject, appear like encouraging fraud to hold that a surety may, by asking and obtaining indulgence, lull a confiding debtor into fancied security until the period of limitation has elapsed, and then escape payment by pleading the statute, but the same argument may be made with equal force against every provision of the statute of frauds, yet the wisdom of that statute has been vindicated by the experience of two centuries.
The question did not arise in Walker v. Sayres, and what was there said was only a dictum.
The case shows that two letters had been written, asking indulgence, one of them until a designated day, and containing a promise to pay on that day. There was the required “ assent in writing,” and the court made its decision to turn on the letters, and directed the question as to when one of them *484 was written, and as to whether the other had not been written by one surety in concert with the other, to be submitted to the jury, and the delay produced by the letters to be deducted as to the one or both, as the jury might find that one or both had written or caused the letters to be written. On this ground the deoision in that case was no doubt correct, but we think so much of the opinion as purports to decide that if a surety merely asks indulgence or promises to pay, and the creditor, relying on such request or promise, forbears to sue, this is an obstruction or hindrance, within the meaning of the statute, was not well considered.
We are therefore of the opinion that the court erred in giving the instruction complained of, and as there was no evidence conducing to prove that the appellant had, in writing, assented to the delay, and no dispute about the fact that the action was barred, unless saved by the alleged parol promises, the jury should have been instructed to find for the defendant.
Judgment reversed, and cause remanded for a new trial upon principles not inconsistent with this opinion.