# Grim et al. v. Grim.

April 28, 1942.

Wheeler & Wheeler for appellant.

John L. Harrington for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

On October 30, 1906, B. H. Grim conveyed to his son, J. F. Grim, an estate in certain real property in Johnson county. In February, 1907, J. F. Grim caused the deed to be recorded in deed book 23, page 566, in the office of the clerk of the Johnson county court. The instrument as recorded reads:

"This deed of conveyance made and entered this the 30 day of October, 1906, between B. H. Grim party of the first part and J. F. Grim party of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of $500 dollars in hand paid do hereby sell and convey to the party of the second part, J. F. Grim, heirs and assigns, the following described property, towit: A certain tract or parcel of land situated in Johnson County, Kentucky, and on Sycamore Fork of Toms Creek and bounded as follows: Commencing on a black oak across the creek near Joseph Daniels

house running a straight line to top of the point; thence with the meanders of point to a marked pine; thence with point to a chestnut oak at Bud Witten's line; thence with the ridge to Anderson Daniel line to a white oak; Thence with Anderson Daniel line across the branch to the top of the point to a white oak thence down the point to a beech corner; thence up branch to a beech; thence up branch to beginning. B. H. Grim to have and to hold the same until his death and control the same and at his death J. F. Grim party of the second part is to have and to hold the same together with all the appurtenances thereunto and if J. F. Grim dies without any issue of his body the same is to fall back to B. H. Grim and his heirs. This being the same land conveyed to grantors, E. L. Preston to B. H. Grim being by deed dated 4 day of August, 1905, and recorded in Deed Book No. 20, page 440 Records of Johnson County Court. To have and to hold the same together with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever, and the said party of the first part hereby covenants with said party of the second part that he will warrant the title to the property hereby conveyed unto the said party of the second part and his heirs and assigns forever. A lien is retained upon the property hereby conveyed as security for the payment of said unpaid purchase money. In testimony whereof the party of the first part have hereunto subscribed his name the day and year aforesaid.

his<br>
"B. H. / Grim."<br>
mark.

On the death of B. H. Grim in the year 1923 or 1924, J. F. took possession of the property, sold some of the timber, and conveyed to third parties two small tracts, the last conveyance bearing date February 10, 1937, more than 30 years after the execution of the deed set out above. The deeds from J. F. gave the deed recorded in book 23 at page 566 as the source of title. In the year 1938, the Commonwealth of Kentucky commenced negotiations with J. F. Grim for a right of way upon which to construct a portion of state highway No. 23. During the pendency of the negotiations, Leander, Lewis, and Bennie Grim, brothers of J. F., asserted their claim to the

estate in reversion, created, they contend, by the clause which reads:

> "B. H. Grim to have and to hold the same until his death and control the same and at his death J. F. Grim party of the second part is to have and to hold the same together with all the appurtenances thereunto and if J. F. Grim dies without any issue of his body the same is to fall back to B. H. Grim and his heirs."

This action was instituted by appellee, who alleged that the deed from his father did not contain the last quoted clause; that it was a deed for the fee simple title to the property; and the limitation clause was fraudulently placed in the deed and in the clerk's record some time after the year 1923. He asks that the deed be reformed and the record changed to eliminate the clause limiting his fee simple title. The case having been submitted to the court on the pleadings and depositions, judgment was entered granting the relief sought. From that judgment this appeal has been prosecuted.

Since we have concluded that there is no evidence of probative value to support the judgment we deem it unnecessary to discuss the question of limitations raised by the defendants, or the question of the competency of parol evidence in support of the argument that it was the intention of the parties that a fee simple title should be conveyed. The county clerk of Johnson county produced her record of the instrument as recorded and testified there was no interlineation or any other indication that the record had been disturbed from the time it was copied in the deed book in the year 1907 to the date of the taking of her deposition. No evidence was introduced in contradiction of this testimony. Appellee admits the deed was in his possession continuously from the time it was recorded until the year 1923, at which time he claims it disappeared for a period of 2 months. He testified that when it was returned, it, for the first time, contained the clause limiting the estate. He introduced several witnesses, one of whom testified that the deed, previous to 1923, did not contain such clause. Appellee's testimony concerning the absence of the clause prior to 1923 is rendered of little value by his admission that he can neither read nor write. Under those circumstances his evidence at best is mere hearsay. Nor do we think that the sole witness who testified that the original

deed did not contain the clause is sufficient to overcome the evidence presented by the official record that it did. There is nothing on the face of the record indicating that the clause was inserted after the instrument was recorded, and, certainly if it had been inserted 16 years after it was recorded, the record book itself would evidence the change. For more than 30 years, during which time he did not question the integrity of the record, as is evidenced by the deeds he executed to the two small tracts, appellee claimed as his source of title the instrument as it appears of record. Before a written instrument may be reformed the evidence of fraud or mutual mistake must be clear and convincing. Graves v. Mattingly, 69 Ky. 361, 6 Bush 361; Life & Casualty Ins. Co. of Tennessee v. Deaton, 275 Ky. 151, 120 S. W. (2d) 1033. Here it is neither.

Finally appellee argues that the descriptive clause of the deed is inconsistent with the granting clause and the habendum clause, and, that reading the instrument as a whole it must be interpreted to convey to him the fee simple title. We find no merit in this contention. A deed will not convey an estate greater than the one it describes. It is clear that the deed conveyed a life interest to J. F. Grim to take effect on the death of his father with reversion to the estate of the latter should J. F. die without issue.

Wherefore the judgment is reversed with directions that the lower court enter judgment consistent with this opinion.