## Dickey et al. v. McIntosh et al.

November 15, 1949.

Rehearing denied January 24, 1950.

Redwine & Redwine and Simeon S. Willis for appellants.

J. Smith Hays, Jr. for appellees.

MORRIS, COMMISSIONER—Affirming.

This action was instituted by appellants. They sought reformation of a deed on the grounds of mistake on the part of the grantor and fraud on the part of the grantee.

In April 1947, appellees, the grantees in the deed, entered into negotiations with appellants, the grantors therein, for the purchase of a lot in a Winchester subdivision. The evidence concerning the negotiations discloses that appellants had previously conveyed a lot 75

feet by 180 feet adjacent to the one in issue to a Mr. Allen, a veteran, for $950. Appellants asked appellees $1,050 for a similar lot, but as appellee was also a veteran, appellants finally agreed to let him purchase the lot for $950, the same price as charged Allen. A preliminary written contract was entered into about the middle of April 1947, and signed by the parties, calling for the conveyance of a lot between that sold Allen and the appellants' place with a frontage of 75 feet and a depth of 180 feet.

It was the belief of appellant that there was a reservation of an 18 foot alleyway perpendicular to the street between his lot and the one conveyed to appellee. Upon checking title, appellee's attorney discovered that there was no such alley but that there was a reservation for an alley of about 25 feet in width running behind the property, and that appellants could not convey a lot of a greater depth than 150 feet. Appellees say that they reported this discrepancy to appellants and a verbal agreement was entered into whereby the property description would be changed from 75 feet by 180 feet, as provided in the contract, to read 93 feet by 150 feet. Appellee stated that his attorney declined to draw a deed upon the strength of this verbal understanding and required appellee to get the adjustment in writing. He says that this was done, and that the written adjustment was made on the back of the original contract signed by the parties. The deed was then drawn pursuant to the amended contract. The attorney for appellee corroborates this testimony. Appellee testified that the adjusted description was read to the appellants and understood by them.

The basis of the appellant's case is that there was never a deviation from the original contract and that the amendment thereto was forged along with appellant's signature thereto. He further contends the amended deed was never read by him or to him either when he signed or acknowledged the deed.

Appellee has constructed a home upon the land in question, no part thereof embracing the disputed area. Appellants testify that part of a barn on the back of their property is on this strip and that it is necessary for ingress and egress to this barn. Appellees propose

eventually to make an addition to their home which will embrace this strip. Appellants first had knowledge, they say, that appellees were exercising dominion over the property in July 1947, when appellee was engaged in cutting grass on the strip. Immediately upon receipt of this notice appellants began an investigation.

The evidence discloses that appellant and his son-in-law, upon first learning that the appellee was appearing to exercise dominion over this additional frontage, went to the courthouse to check the deed, where they first discovered that the frontage had been changed from 75 feet to 93 feet. They then went to appellee's attorney and asked for the original contract. The attorney did not have this original contract in his files, but called the home of appellees, who informed him that it would be produced as soon as located. This contract has never been produced and appellees, in explanation of their inability to produce it, testified that it was lost along with other valuable papers in the process of moving into their new home.

It is urged that failure of appellants, who are 87 and 74 years of age respectively, and each with clearly impaired faculties, to read the deed prepared by one whom they trusted, is no reason for refusing relief in a meritorious case. We quite agree, but at the same time we cannot overlook the fact that there was positive testimony that the deed was read to them.

Appellants further urge that failure of appellees to produce the alleged modification of the admitted contract, without satisfactory explanation of such failure, creates a presumption that no such modifying contract was ever made, and cite cases in support of that position. With this general rule we are in agreement. But the facts, circumstances, and character of contracts in the cases cited do not fit into and control in the instant case. We cannot overlook the fact that the explanation as to why the contract was modified was a plausible one. It is also a plausible conclusion that since the modified contract was merged into the deed there was no particular reason for a preservation of the original contract.

The rule is well settled that in order to reform a written contract and overcome the agreement as ex-

pressed therein, the proof of the mistake or fraud must be clear and convincing. Blanton v. Blanton, 238 Ky. 90, 36 S. W. 2d 845, and Grim v. Grim, 290 Ky. 474, 161 S. W. 2d 918. Under the state of facts herein we do not believe the evidence meets the test of the rule above, especially to such an extent as would justify us in overruling the chancellor.

The judgment is affirmed.