Turner v. Rankin.

---

CASE 36—ORDINARY—MARCH 30, 1882.

## Turner v. Rankin.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. In a case pending in the Henderson circuit court, appellant, as surety for T., executed a note to appellee, receiver, for $1,175.91, dated September 10, 1867, due six months after date. Ten years afterward suit was instituted upon the note, and appellant relied upon the statute of limitations. *Held*—that although the surety could not properly pay the money to the receiver without an order of court, yet either party to the case might, by motion, have compelled the collection of the debt at any time after its maturity.

2. Appellant stood upon his contract, and the remedy for enforcing the collection of the note was with either or both of the parties to the suit, and no one is responsible for their *laches* but themselves.

3. Failing to cause suit to be instituted within seven years after the cause of action accrued, it is barred by limitation.

4. That appellant was attorney for one of the parties is of no significance, for no complaint is made of him by his client.

Turner v. Rankin.

H. F. TURNER, R. H. CUNNINGHAM, L. W. TRAFTON, M. YEA-
MAN, W. LINDSAY, AND A. DUVALL FOR APPELLANT.

1. The judgment against appellant was rendered upon the ground that
   the receiver could not institute a suit against him without an express
   order of court to that effect.
2. As surety on the bond, appellant is released by Revised Statutes, chap-
   ter 97, sections 12 and 14.
3. Either party to the suit pending in the Henderson circuit court might
   have sought and enforced the collection of the note at any time it fell
   due. (Rev. Stat., chap. 36, art. 13, sec. 1; *Ib.*, chap. 97, secs. 12 and
   14; Leavell v. Goggin, 11 B. Mon., 230; 17 Howard, 331; 17 Wall.,
   22; 75 Pa., 114; 3 Kent's Com., 124; 9 Wheat., 680; Brant on Surety-
   ship, secs. 79, 80, 120; 3 Bush, 259; Wintersmith v. Tabor, 5 *Ib.*, 105;
   Gen. Stat., chap. 104, sec. 12; *Ib.*, chap. 71, art. 6, secs. 2, 4; Chitty
   on Contracts, 815; Comyn on Contracts, 77, 78; Daniels on Neg. Inst.,
   sec. 1215; 14 B. Mon., 308; 2 Wash. Va., 136; 15 Wall., 140; 4 Vesey,
   824, 5 J. J. Mar., 255; 7 *Ib.*, 201.)

S. S. SIZEMORE AND VANCE & VANCE FOR APPELLEE.

1. The note is not embraced in the classes of bonds named in section 1,
   article 12, chapter 36, Revised Statutes, which are declared shall have
   the force and effect of replevin bonds.
2. The statute of limitations was never intended to apply to bonds pay-
   able to a commissioner or receiver when the right to the fund for
   which they were given is in dispute.
3. Until some person was authorized to receive the money, it was not the
   duty of appellant to pay it. (Barbee v. Pitman, 3 Bush, 259; Rankin
   v. White, *Ib.*, 545; Haddix v. Chambers, 5 *Ib.*, 171; Wintersmith v.
   Tabor, 1 *Ib.*, 105.)
4. Appellant was attorney for one of the parties.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

On the 9th of September, in the year 1867, an order was
made in an action pending in the Henderson circuit court in
the name of Jacob Rouse's administrator against Rouse's
heirs and creditors, by which Adam Rankin, as receiver,
was ordered to loan out the sum of $1,175.91, the amount
of a certain fund that was claimed in said action to belong
to W. S. Hicks, and not to the estate of Rouse. The
order recites:

"The parties appeared by their counsel, and on motion
of the plaintiff, it is ordered that Adam Rankin be appointed

a receiver herein, and is directed to loan out the sum of $1,175.91 on deposit in the Farmers' Bank to the credit of J. S. Rouse, D. S., as mentioned in the petition, for the term of six months; that he take bond, with good security," &c.

The receiver loaned the money to L. W. Trafton, and took from him his note for the money, with the appellant as surety, payable as follows:

"Six months after date we, L. W. Trafton, principal, and H. F. Turner, surety, promise to pay A. Rankin, as receiver in case of J. S. Rouse, administrator, against his heirs and creditors, the sum of eleven hundred and seventy-five dollars and ninety-one cents, with interest from this date.

"Signed:                              L. W. TRAFTON,
                                    "H. F. TURNER.

"HENDERSON, September 10th, 1867."

The receiver reported his acts to the court, with the note taken from these parties, and the litigation continuing for many years, no effort was made to collect this note until the 19th of December, 1877, when the attorneys for Hicks, who was claiming this fund, obtained an order of court directing the receiver Rankin to collect the money and re-loan it. A period of near ten years had elapsed from the maturity of the note to the making of this order. Trafton, the principal, had died insolvent, and the surety, Turner, resisting payment, the receiver, by a subsequent order of court, was directed to institute this action. The principal defense relied on was the statute of limitations, and upon the hearing, a judgment was rendered against the surety. The judgment below was rendered on the ground that no cause of action accrued to the parties in interest or to the

receiver until an order of court was entered, directing the: collection of the money; and the two cases reported in 3, Bush, of Barbee v. Pitman and Rankin v. White, are relied. on as sustaining the action of the court below.

In the case of Barbee v. Pitman, the bond was executed. to the officer who had sold property under an attachment, payable in ninety days, *for such uses as may hereafter be· adjudged by the Adair circuit court;* and in Rankin v. White, was where money deposited in court had been loaned out. by an order of court for the benefit of conflicting creditors, as in this case. In the two cases it was urged that the· surety was released by reason of the failure of the parties, or some one for them, to issue an execution within a year· after the bonds became due; that these bonds had the force· of a judgment, and upon which an execution should have· issued. The bonds in neither of the cases cited were such. as would enable the parties to have execution issued upon. them without first obtaining an order of court, 'and then the· proceeding would be by rule. The court might, it is true, have enforced the collection of either bond by rule or exe-. cution after payment demanded by the receiver,. or some one· authorized to collect the money under an order of court.

The receiver having loaned the money in the case of Rankin v. White, had no power to collect it, and the debtor· no right to pay it to the receiver or the parties until ordered by the court, and when so ordered, the refusal to pay by the· debtor would have authorized the proceeding by rule or exe- cution. It is therefore evident that such obligations do not fall within the statute requiring an execution to issue upon them within a year from maturity, in order to hold the· surety. In our opinion, the cases referred are not analogous: to the one being considered, and that when properly apply-

ing the statute of seven years for the protection of sureties,. the appellant in this case was released from all liability. Sections 2 and 4, or either, of article 6, of chapter 71, General Statutes, relieves the surety from responsibility in a case like this. Section 2 provides that "a surety in any bond, given in the course of any judicial proceeding, shall be discharged from all liability thereon unless suit be brought thereon within seven years *after the accrual of the cause of action.*" Section 4 provides "that a surety on any obligations or contract, other than those provided for in the next two preceding sections, shall be discharged from all liability thereon when seven years shall have elapsed without suit thereon after the cause of action accrued."

The same limitation is found in the Revised Statutes, so it is immaterial whether the obligation sued on is to be regarded as a note or bond taken; in a judicial proceeding the same limitation applies. It is insisted, however, that no cause of action accrued until an order of court was entered directing its payment, and the institution of an action to recover it. It is insisted that the surety could not pay the money to the receiver or to the parties in interest without an order of court, and that they had no right to collect it without such authority; still the defense of the surety should have been sustained. The surety is bound alone by the terms of his covenant, and in this case the money was directed to be loaned out for. the period of six months, the receiver being required to take the note of the principal with security. When the surety signed the note, he bound himself to the effect that his principal, at the expiration of six months, would pay this money, and was informed by the order of court itself that no longer time would be given. He stood then in no other light than as a mere surety, liable for the

Turner v. Rankin.

default of his principal, and subject to be proceeded against under the rules regulating the collections of money under the practice of the chancery court.

But it is still insisted that no cause of action existed, or the right of action never accrued, although the note had been due for ten years, because no one had been authorized to collect the money. To whom is this want of diligence to be attributed, and who must be made to suffer, the parties who were alone interested in the litigation, or the surety, who had no interest whatever in the result of the controversy?. He did not bind himself to the effect that his principal would have the money forthcoming subject to the order of the court, or that the money should be paid at the termination of the action, but stood, on the letter of his bond, liable for the default of his principal in failing to pay the money when the note matured.

This money belonged to the one party or the other engaged in prosecuting the litigation in the chancery court. On the motion of one of the parties, and without any objection by the others, the money is loaned out for six months; and because the chancellor has assumed to control the fund, the parties in interest, who have been guilty of the laches, are to be protected, and the surety made to bear the loss. While the right to bring an action did not exist in either without the order of the chancellor, or until final judgment, still either party, by motion made at any time after this note matured, could have compelled the payment of the money into court by the principal or his surety, or could have had the money reloaned. They had asked the chancellor to make the loan, and had only to ask him to have the money collected in order to protect them from loss by reason of

Turner v. Rankin.

the lapse of time or the embarrassed condition of the par-·ties who owed this money.

The remedy for the collection of the money was ample and complete, and while the rights of the parties to the fund had not been determined, they could, at any term of the court during the ten years, have had the money col-lected and their rights fully secured.   The remedy for enforc-ing the collection of the claim existed with both or ·either of the parties, and we perceive no good reason why the rights of a surety should ·be disregarded and his defense ·denied because the two litigants were asking the chancellor to determine their respective claims to the fund.   It was the money of the one or the other, and as it does not even now appear who is entitled to it, the laches in the case must result in loss to the real owner, and not to this surety.

It is pleaded that the surety was one of the attorneys in the case, and is, for that reason, bound.

His client is making no complaint against him, nor is ·there any charge of bad faith, or a breach of trust alleged by reason of his relation to his client or to the court, and there-·fore we see nothing in this point.   The judgment should have been for the appellant.

Judgment reversed, and cause remanded for further pro-ceedings consistent with this opinion.