CASE 112—PETITION ORDINARY—FEBRUARY 27.

## Reid v. Hamilton.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. SURETIES—LIMITATION.—The seven years' Statute of Limitation begins to run in favor of the surety in a note at the time the note matures, although the holder of the note is under the disability of coverture, as the saving of the statute in favor of creditors under disability does not apply as against sureties.
2. SAME—OBSTRUCTION OF SUIT.—Unless the acts of a surety are in point of fact such as would hinder and prevent the creditor from bringing suit, notwithstanding his desire to do so, or unless the surety has by

fraud procured the creditor to delay bringing suit, he can not be said to "obstruct or hinder" the creditor within the meaning of the statute, which provides that if the surety "obstruct or hinder his being sued the time of such obstruction shall not be computed as part of the time of limitation."

Seven years from the maturity of a note expired December 7, 1883. On October 23, 1883, the holder of the note wrote to the surety in the note requesting its renewal as the seven years had almost expired. Although this l·. r was followed by others no reply was received from the surety until December 6, 1883, when he wrote to the creditor that he had signed a renewal note and sent it to the principal. Nothing was heard from the principal until February 20, 1884, when he sent the note to the creditor signed by the surety alone, refusing to sign it himself. This suit was instituted on the original note November 10, 1884, and limitation was pleaded by the surety. *Held*—That the surety is released, as he did nothing to "obstruct or hinder" the plaintiff, and even if he obstructed or hindered the plaintiff prior to February 20, 1884, there was no obstruction or hindrance after that date, as the principal then notified plaintiff he would not sign the new note.

3. SAME—ASSENT TO DELAY.—The act of the surety in signing the new note can not be regarded within the meaning of the statute, "a delay assented to by the surety in writing." And even if it could, February 20, 1884, the date at which the principal notified the creditor he would not sign the note, was the farthest time to which the creditor was under the least obligation to delay suing on the original note.

4. A VERBAL CONTRACT FOR DELAY between the holder of a note and the surety will not prolong the period of limitation.

H. L. STONE FOR APPELLANT.

1. The section of the statute of limitations excepting from its operation persons under disability applies as well against the surety in a note as against the principal. (Gen. Stats., chap. 71, art. 4, sec. 2; *Idem*, art. 3, sec. 1.)

2. The court should have allowed the amended petition to be filed, and by its instructions controlled the recovery on the original obligations or on the renewal note according to the facts developed on the trial. (Civil Code, sec. 113, sub-sec. 4.)

3. The court should have allowed appellant to file at least so much of the amended petition as alleged fraud on the part of appellee and an estoppel against his plea of the statutory bar. These allegations of fraud were sufficient to uphold and support the original cause of action notwithstanding the plea of the Statute of Limitations. (Tillett v. Commonwealth, 9 B. M., 443; Newton v. Carson, 80 Ky., 312.)

4. The execution of the renewal note by Hamilton. together with his letter

Reid v. Hamilton.

to Judge Reid with reference to the same, are to all intents and purposes an assent in writing to delay.

5. The debtor can not complain of an elongation of time resulting from his own act. (Hopkins v. Stout, 6 Bush, 379.)

6. An agreement by a surety *upon a sufficient consideration* to pay the debt on which he is liable before the statute has run has the effect to prolong the statute seven years from the date of such agreement. (Gilmore v. Green, 14 Bush, 775; Emmons v. Overton, 18 B. M., 649; Tillett v. Commonwealth, 9 B. M., 443.)

R. REID ROGERS on same side.

1. The record shows such acts on the part of appellee as meet the requirements of the decisions for a new promise. (Whitcom v. Whiting, 6 Dong, 629; Brandt on Sureties, sec. 119; Robinson v. Offutt, 7 T. B. Mon., 540; Walker v. Sayres, 5 Bush, 579; Tillett v. Commonwealth, 9 B. M., 443; Emmons v. Overton, 18 B. M., 649; Buckner v. Clark's Ex'r, 6 Bush, 168.)

2. Fraud will take a case out of the Statute of Limitation for sureties. (Tillett v. Commonwealth, 9 B. M., 443; Newton v. Carson, 80 Ky., 309.)

And the statute may also be avoided by estoppel. (Cundiff v. Luce, Superior Court, 11 Ky. Law Rep., 860.)

3. The facts of this case constitute a hinderance or obstruction within the meaning of the statute. (Walker v. Sayres & Hopkins, 5 Bush, 579; Newton v. Carson, 80 Ky., 309.)

Coleman v. Walker, 3 Met., 65, and Kennedy v. Foster, 14 Bush, 480, commented on.

4. The new note and letter of December 6th furnish the evidence our courts have deemed sufficient to bring a case within the specified exception of "assent to delay in writing." (Kennedy v. Foster, 14 Bush, 480.)

W. A. SUDDUTH for appellee.

1. The facts of this case are not sufficient to establish an obstruction within the meaning of section 5, article 6, chapter 71, General Statutes, nor do they amount to an "assent to delay in writing." (Kennedy v. Foster, 14 Bush, 579; Coleman v. Walker, 3 Met., 68.)

The surety is absolutely discharged at the end of seven years unless some of the things enumerated in that section supervene to prevent or suspend the statute. The maxim *expressio unius exclusio alterius* applies. (Endlich on Statutes, sec. 397; Brocket v. O. & P. R. Co., 14 Pa. St., 43; Miller v. Kirkpatrick, 29 Pa. St., 229; Warfield v. Fox, 53 Pa. St., 385.)

2. The agreement to reduce interest was not a sufficient consideration for the acknowledgment of appellee to take the case out of the statute, as that agreement was itself without consideration and not binding on appellant. (Emmons v. Overton, 18 B. M., 643.)

But if that agreement was available at all it was simply the basis of a new and independent action. (Gilmore v. Green, 14 Bush, 572; Poth. on Obligations, 3d ed., vol. 1, 314.)

3. Newton v. Carson, 80 Ky., 309, is not a parallel case to the one at bar, and is not authority.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

December 7, 1874, J. R. Rogers, as principal, and appellee, A. H. Hamilton, his surety, executed a promissory note to appellant, E. J. Reid, for $1,291.33, payable two years after date and bearing interest at the rate of ten per cent. per annum until paid. On the same day the same parties, as principal and surety, executed a note to D. Hibbler, for the same amount and due at the same time as the other, and like it bearing ten per cent. interest. April 20, 1885, Hibbler, in writing, assigned the latter note to appellant, whereby she became owner of both. And November 10, 1884, she instituted this action to recover judgment for the aggregate amount of the two notes and interest from date, but at the rate of only six per cent. per annum from 1878, when it is alleged there was an agreement it should be thereafter so computed.

J. R. Rogers does not appear to have made any defense to that action; but appellee pleaded and relied for his defense upon section 4, article 6, chapter 71, General Statutes, which provides in substance, that a surety in a contract, such as the notes sued on, shall be discharged from all liability thereon when seven years shall have elapsed, without suit thereon after the cause of action accrued.

As more than seven years had elapsed after December 7, 1878, when the two notes became due, before November 10, 1884, when this action was commenced, it is obvious appellant was, as adjudged by the lower court,

discharged from all liability thereon, unless some one of the grounds relied on for avoiding operation of the section referred to, be available.

1. It is contended that as appellant was a married woman when her cause of action accrued the statute of limitation pleaded by appellee did not begin to run against her until the death of her husband and removal of disability of coverture April 15, 1884, being qualified and restricted by section 2, article 4, same chapter, which provides as follows: "If a person entitled to bring any of the actions mentioned in the third article of this chapter * * * was at the time the cause of action accrued an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability * * * that is allowed to a person having no such impediment to bring the same after the right accrued."

It seems to us very clear that the purpose of that section was simply to prolong, in favor of persons under disability, the several periods prescribed by the preceding third article, within which the different classes of civil actions therein designated shall be commenced; and the saving or exception was not intended to apply at all to the distinct and subsequent provisions of article 6, for benefit of sureties, which are themselves exceptional.

2. Whether the next ground relied on is available, depends upon the proper construction and application of section 5, article 6, which provides in substance that "if such surety shall abscond, conceal himself, or by removing from the State or otherwise, obstruct or hinder his being sued, the time of such obstruction shall not be computed as part of the time of limitation"—seven years.

It is not contended appellant absconded, concealed himself or removed from the State, and the main question is whether he obstructed or hindered his being sued, which must be decided upon the facts proved, about which there seems to be no controversy.

It appears that October 23, 1883, Judge Richard Reid, husband of appellant, prepared a new note for $30,888, aggregate amount of the two notes sued on and interest to that date, payable to appellant one day after date, and inclosed it in a letter dated Frankfort, addressed to appellee, Hamilton, at Mt. Sterling, requesting him to sign and then mail it to J. R. Rogers, the principal, for his signature. But appellee does not seem to have responded to that letter until December 6, 1883, one day before expiration of the period of seven years from accrual of cause of action on the two notes, though it is evident he had in the meantime received one, and perhaps two others on the same subject. In his letter of December 6, he informed Reid, though intending to do so, he had probably not before sent the note to Rogers, but that he had just then signed and sent it, or another like it to Rogers. But Rogers refused to sign it, and about February 20, 1884, sent the note signed by appellee only, to Reid, and never did sign it until after this action was instituted for judgment on the two original notes, and then signed it subject to ratification of appellee, who refused to assent or be bound by it. There is evidence showing that appellee, some time during the summer and fall of 1884, stated verbally to the agent and attorney of appellant his willingness to still be bound as surety if Rogers would sign the note.

The terms "obstruct or hinder," as held in Kennedy v.

Foster, 14 Bush, 479, following Coleman v. Walker, 3 Met., 68, import resistance and obstruction of rights, and unless acts complained of by a creditor are in point of fact such as would hinder or prevent him bringing suit, notwithstanding his desire to do so, they can not be properly said to obstruct or hinder him in meaning of the statute.   It is true the words of the Revised Statutes, construed in Coleman v. Walker, were " defeat and obstruct," instead of " obstruct and hinder," but no practicable difference was recognized in Kennedy v. Foster, nor do we now perceive any.   It was, however, held in Newton v. Carson, 80 Ky., 309, that delay of the creditor to sue beyond the period of seven years, when procured by fraud of the surety, is properly treated as an obstruction or hinderance.   But we do not think the facts of this case show obstruction or hinderance of appellee's being sued, according to that or any reasonable meaning which may be given to those terms.

It will be observed that in October, 1883, when Judge Reid wrote his first letter to appellee, requesting renewal of the notes, which was a voluntary and unsolicited act on his part, appellee had made no promise to renew, nor request for delay in bringing suit; nor does he appear to have done or said anything afterwards which obstructed or hindered bringing suit.   For he was, in fact, under no promise or obligation to procure his principal to sign the renewal note; nor, so far as this record shows, did he inform Reid he would do so, until the letter of December 6, 1883, was written to Reid at Frankfort, too late then to bring suit in Montgomery county.   So if there was in any sense obstruction or hinderance to appellant suing on the two notes, previous to December 7, 1883, it cer-

tainly was not caused by appellant. But even if he had, by any act of his, obstructed or hindered appellee before February 20, 1884, there was no obstruction or hinderance on any account whatever after that date. For Rogers having then informed appellee, or her husband, he would not sign the new note, which had to be done in order to render it obligatory on appellee, his surety, there was nothing to obstruct or hinder bringing suit on the two original notes; but instead of doing so within a reasonable time, suit was not brought until November 10, 1884, when seven years had expired, excluding all the time from computation that there is the least reason for doing. What may have been said by appellee to the attorney and agent of appellant during the summer and fall of 1884, being verbal and founded on no considerations, signifies nothing; for appellee was then released from all obligation as surety. And even if Rogers had signed the note before November 10, 1884, instead of subsequent to that time, it would not have been enforceable; and that appellant considered him liable, if at all, upon the two original notes only, is shown by the fact of her suing on them.

3. Nor do we think the act of appellee in signing the new note can be regarded in meaning of the statute, "a delay assented to by the surety in writing;" and even if it could, February 20, 1884, was the farthest time to which appellant was under the least obligation to delay suing on the two notes.

The verbal agreement alleged to have been made by appellant in 1878, if binding on him at all, amounted to no more than he was already bound to do, certainly can not be construed as prolonging the time beyond the stat-

utory limit, within which action on the notes might be brought against him as surety, and consequently the court did not err in overruling the motion to file an amended petition setting up that agreement. Nor was it error to give a peremptory instruction to the jury to find for the defendant.

Judgment affirmed. Judge Holt not sitting.