Dugan v. Champion Coal & Tow Boat Co., &c.

---

CASE 110—RULE FOR COLLECTION OF BOND—MARCH 2.

# Dugan v. Champion Coal & Tow Boat Co., Etc.

APPEAL FROM KENTON CIRCUIT COURT.

SURETIES—POWER OF ATTORNEY.—A power of attorney authorizing the attorney to excute as surety a bond for a specific amount will not authorize the execution of a bond for a larger amount; and if the attorney assumes to execute such bond for a larger amount the surety will not be bound.

W. M. FENLEY AND J. W. BRYAN FOR APPELLANT.

1. Dugan had been released from the bond executed for six thousand dollars in 1884 by lapse of time. Ky. Stats., sec. 2549; Turner v. Rankin, 80 Ky., 179; Reid v. Hamilton, 92 Ky., 623; Bowen v. Helm, opinion May 25, 1887.

2. He was not liable on the bond executed on the 5th of April, 1892, because the execution of that bond was not within the power of attorney sent by Dugan to Shinkle. 1 Am. & Eng. Ency. of Law, 351.

3. There was no consideration for the execution of the bond of 1892. Tillett v. Com., 9 B. M., 443.

4. The testimony of Helm as to the transactions between the commissioner and Shinkle in the absence of Dugan was incompetent. Johnson v. Park, 13 Ky. Law Rep., 437; Com. v. Hawkins, 83 Ky., 246; Com. v. Berry, 95 Ky., 445.

CHARLES H. FISK, FOR APPELLEES, THE CREDITORS.

The bond of April 5, 1892, was a renewal of the bond for $6,000 executed in 1884 with accrued interest and upon this bond the surety is liable.

ORLANDO P. SCHMIDT, FOR THE APPELLEE, CHARLES H. FISK.

1. The bond executed April 5, 1892, was a renewal of that executed Nov. 8, 1884, for the original amount and the accrued interest.

2. The order directing the master commissioner to pay to Fisk the $1,250.00 was a judgment in his favor and a judicial determination that the amount was a reasonable fee for his services.

3. The power of attorney executed by Dugan to Shinkle was not a power of attorney for $6,000 only, but the language used in that power was merely descriptive of the bond intended to be renewed.

4. When the Champion Coal & Tow Boat Company placed the claim amounting to over one hundred thousand dollars in the hands of appellee Charles H. Fisk for collection by proper proceedings, the law gave the attorney a lien on the claim or on any judgment recovered thereon for the amount of a reasonable fee. This lien attached to the claim as allowed by the master commissioner and it attached to the pro rata of $9,988.62 recovered thereon in this case.

W. M. FENLEY AND J. W. BRYAN FOR THE APPELLANT IN REPLY TO BRIEFS FOR APPELLEES.

1. The fee of an attorney attached by law to that which is "recovered for his client." Mr. Fisk recovered for his client the sum of $9,988.62, the amount shown to be its *pro rata* by the report of the master and which was paid to it under an order of the court below, as shown by the settlement filed Nov. 23, 1894. Then the only lien he has, if enforced at all, should be upon that sum as it is shown that his client the Champion Coal

Dugan v. Champion Coal & Tow Boat Co., &c.

& Tow Boat Company, had no other interest in the fund for
distribution. He did not recover any other fund for his client
and his lien did not and could not attach to any other. The
balance due upon the bond belongs to the other creditors.

2. The $1,250 claimed by Fisk can not be allowed on the ground
that he was entitled to a lien on the fund recovered for his
client; the whole amount recovered having been paid to his
client by an order of court, the lien is lost and can not be en-
forced against an innocent party.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that, pursuant to an order of
the Kenton Circuit Court in the action of V. Shinkle's as-
signee against Shinkle, etc., the Master Commissioner
loaned out certain funds. He loaned to the Champion Coal
& Towboat Company $6,000, for which it, together with
John Cochnower, J. H. Williams, and A. H. Dugan, as sure-
ties, executed bond payable to Frank P. Helm, Master Com-
missioner, of date November 8, 1884, and due on the 1st
day of the February term of said court, February 2, 1885,
with six per cent. from date until paid. It further ap-
pears that, at the February term of said court, 1892, the
said Master Commissioner was directed to collect the loan
bonds outstanding, and to reloan the sums so collected.
The Master Commissioner reported to the court that on
April 5, 1892, he collected from the Champion Coal &
Towboat Company the sum of $8,667, being the amount
of their loan bond No. 2,121, with interest to April 5, 1892.
This sum of $8,667, the Master Commissioner reloaned to
the said Champion Coal & Towboat Company on the same
day, and the said Champion Coal & Towboat Company, by
John Cochnower, president, and with John Cochnower,
J. H. Williams, and A. H. Dugan as sureties, executed its
bond therefor, payable October 5, 1892, No. 3,159.

He collected from the said Champion Coal & Towboat

Company the sum of $2,791.33, being the other loan bond, No. 2,246, with interest to the 5th of April, 1892. This sum of $2,791.33 the Master reloaned to the said Champion Coal & Towboat Company on the same day, and the said company, by John Cochnower, president, with John Cochnower and J. H. Williams, sureties, executed its bond therefor, payable October 5, 1892, which is filed herewith, marked "3,160." The two said loan bonds read as follows:

"Kenton Circuit Court. Vincent Shinkle's Assignees, Plaintiffs, v. Vincent Shinkle et al., Defendants. Loan Bond. In consideration of eight thousand six hundred and sixty-seven dollars, which, in pursuance of the order of court made herein at the February term, 1892, Frank P. Helm, Master Commissioner, has this day loaned and delivered to the Champion Coal & Towboat Company, now we, the Champion Coal & Towboat Company, and John Cochnower, James H. Williams, and Austin H. Dugan, securities, do bind ourselves, jointly and severally, to pay unto Frank P. Helm, Master Commissioner of the Kenton Chancery Court, on the 5th day of October, 1892, (being six months from the date hereof), the sum of eight thousand six hundred and sixty-seven dollars, together with interest thereon at the rate of six per cent. per annum, and payment thereof to be enforceable as the court may direct. Witness our hands this 5th day of April, 1892. Champion Coal & Towboat Co., John Cochnower, President. John Cochnower, J. H. Williams, A. H. Dugan, by A. Shinkle, Attorney in Fact. $8,667.00 and interest, due October 5, 1892."

.The following is a copy of the power of attorney:

"Know all men by these presents that I, A, H. Dugan, of Louisville, Kentucky, have appointed, and hereby constitute and appoint, Amos Shinkle, of Covington, Kentucky,

Dugan v. Champion Coal & Tow Boat Co., &c.

my true and lawful attorney in fact, for me, and in my name, room and stead, to execute and deliver to the Master Commissioner of the Kenton Circuit Court, Kentucky, in the suit pending therein of V. Shinkle's Assignees v. V. Shinkle et al., in connection with John Cochnower and J. H. Williams, as co-sureties, a bond to said commissioner in the sum of $6,000, in place of the bond for like amount of date November 8, 1884, executed and delivered to said commissioner in said case by the Champion Coal & Towboat Company, principal, and said Cochnower and Williams and myself as sureties; hereby ratifying and confirming that my said attorney shall lawfully do in the premises. Witness my hand this 30th day of March, 1892. A. H. Dugan. Witnesses: L. H. Noble. Irwin Dugan."

"Kenton Chancery Court. Vincent Shinkle's Assignees, Plaintiffs v. Vincent Shinkle et al., Defendants. Loan Bond. In consideration of two thousand seven hundred and ninety-one and 33-100 dollars, which, in pursuance of the order of the court made herein at the February term, 1892, Frank P. Helm, Master Commissioner, has this day loaned and delivered to the Champion Coal & Towboat Company, principal, and John Cochnower, and James H. Williams, securities, now we, the Champion Coal & Towboat Company, principal, and John Cochnower and James H. Williams, securities, do bind ourselves, jointly and severally, to pay unto Frank P. Helm, Master Commissioner of the Kenton Chancery Court, on the 5th day of October, 1892 (being six months from date hereof), the sum of two thousand seven hundred and ninety-one and 33-100 dollars, together with interest thereon at the rate of six per cent. per annum, and payment thereof to be enforceable as the court directs. Witness our hands this 5th day of April, 1892. Champion Coal & Towboat Company, John Coch-

nower, president. John Cochnower, J. H. Williams. $2,-791,33 and interest, due October 5, 1892."

It will be seen from the foregoing that the bond for $8,-667 purports to be signed by A. Shinkle, attorney in fact for appellant. On April 23, 1894, a judgment or order of distribution was entered by the court aforesaid in regard to the collection and disbursement of outstanding sale and loaned money, the concluding portion of which order reads as follows: "If any of said creditors are indebted by loan, on sale bonds or otherwise, to said assigned estate, the Master will adjust the difference, and collect from or pay to them *pro rata* the excess, according as it may be."

On the 23d of November, 1894, the Master Commissioner made a report showing the condition of the loan bonds, and in that report he refers to the aforesaid bond, purporting to be executed by appellant, the amount of which is set down as $10,010.38, and also refers to the other bond hereinbefore referred to, and reported the last-named bond as amounting to $3,223.98. In the same report it appears that the Champion Coal & Towboat Company was entitled, on account of its claim allowed against said assigned estate, to the sum of $9,988.62, which sum he deducted from $13,234.36, the amount of the two loan bonds hereinbefore mentioned, showing a balance still due amounting to $3,245.74 on December 6, 1894. Attorneys J. F. & C. H. Fisk, filed a motion for a lien against the distributable shares of the sundry claimants herein, and also a motion for an order directing the collection in full of the loan bonds to the Champion Coal & Towboat Company; and on the 10th of December, 1894, the following order was entered: "The attorneys, J. F. & C. H. Fisk, are allowed liens for sums sufficient to pay to them reasonable fees for their services as such in behalf of the defendants, the Champion

Coal & Towboat Company, S. S. Bowman, Jones' Ex'x, and the Marine Railway & Dry Creek Co., against and upon the shares, respectively, of said defendants in the fund herein. The motion for the collection of the loan bonds of the Champion Coal & Towboat Company in full is overruled, and said attorneys except."

On April 23, 1894, the following order was made: "The Master will collect, in the same way, upon the bonds of said Champion Coal & Towboat Company, $3,245.74, with interest thereon from November 12, 1894, until paid, and $1,250, with interest thereon from this date, and he will pay said $1,250 and interest thereon to said Fisk, attorney. After paying any cost remaining unpaid, including fifty dollars to himself, the Master will distribute the remainder of the sums, when and as collected by him, *pro rata* among the creditors shown by said report of November 23, to be entitled thereto."

On January 25, 1896, the following order was made: "On the motion of the Master Commissioner, a rule is awarded against A. H. Dugan and Jas. H. Williams, sureties on the loan bond of the Champion Coal & Towboat Company, returnable on February 3d, to pay $3,245.74, with interest thereon from November 12, 1894, until paid, and $1,250, with interest thereon from December 23, 1895, said sums and interest remaining unpaid on said loan bond."

On February 3, 1896, the appellant filed the following response: "Comes A. H. Dugan, and, for response to rule against him as surety of the Champion Coal & Towboat Company to pay the sum of $3,245.74, with interest from November 12, 1894, and the further sum of $1,250, with interest from December 23, 1895, says that he is not now, and never was, the surety of said company on the bond now sought to be collected. Respondent says that on the 30th

day of March, 1892, he executed and delivered to Amos Shinkle a power of attorney to execute and deliver to the master commissioner of the Kenton Circuit Court, in suit pending therein of V. Shinkle's Assignee v. Shinkle, etc., in the sum of $6,000; but he says said Shinkle did not, as his attorney in fact, execute bond for $6,000, but in violation of his authority in said power of attorney, and without any authority whatever to bind this respondent, on the 5th day of April, 1892, signed respondent's name to a bond to said commissioner for the sum of $8,667, and this is the same bond referred to in said rule.

Respondent says said bond is not his obligation, that he never signed it, nor did he authorize Amos Shinkle or any other persons to sign it for him. He says that the signing of the said bond by Amos Shinkle, as attorney in fact for him, is not within the scope of authority given in said power of attorney, the bond is not the bond described therein, and he is in no manner bound thereby.

For further response, the respondent says that he should not be required to pay the $1,250 mentioned in said rule (1) because the same is claimed as a fee due Charles Fisk, attorney for Champion Coal & Towboat Company, for prosecuting its claim against V. Shinkle in this action; (2) because said fee has not been agreed upon or allowed by the court, and therefore can not be collected by rule; (3) because the money sought to be collected under said rule, if due at all, is due upon the obligation of the Champion Coal & Towboat Company (the client of said Fisk), and the money due said company from the assigned estate of V. Shinkle has long since been paid to it by order of this court, and the report of the Master under said order has been confirmed and become the judg-

ment of this court in this action.; (4) because the money
sought to be collected by said rule, if due at all, is due upon
an obligation of the Champion Coal & Towboat Company
for money borrowed from the Master by said company,
intending to cover its *pro rata* of the fund for distribu-
tion in this case, and the same was *assisted* in and con-
sented to by said Fisk, which borrowing, to the extent of
company's *pro rata* in said fund, has been confirmed by the
court as a payment of the whole amount due said company
on its claim; (5) because the Master's report of November
23. 1894, which has been confirmed and become the judg-
ment of this court, fixes the amount of the Champion Coal
& Towboat Company's *pro rata* at $9,988.62, and this sum
was by the Master, under a previous order of this court,
credited upon said bond as a payment to said company of
its *pro rata* of the fund for distribution.

"This constitutes a complete settlement with said com-
pany, in so far as its *pro rata* is concerned, which settle-
ment can not now be disturbed.

"Respondent says he is now and has been for
more than twenty years past a resident of the city
of Louisville, Ky.; that he executed said power of at-
torney in said city, and sent it here, at the instance and
upon the request of Messrs. J. H. & C. H. Fisk, who were
then attorneys for the said Champion Coal & Towboat
Company, with the understanding that the bond was to
be for the sum of $6,000 only; that the said J. H. Fisk was
then a large stockholder in, and a member of the Board of
Directors of, said Company, and had much to do with the
management of its affairs.

"He insists that he is in no wise liable upon
said bond, nor is he liable in any manner to pay
the $1,250 aforesaid. Wherefore he asks that this

response be adjudged sufficient, that the rule be discharged, and that he be allowed to go hence, with costs. A. H. Dugan."

Various demurrers and motions to strike out were made by appellees, and appellees filed an answer to the response of the appellant, in which they set up the execution and delivery of the power of attorney hereinbefore copied, and in which they referred to the bond of November 8, 1884, hereinbefore referred to, and insisted upon the rule. It is also claimed that the $1,250 was a reasonable fee; that the attorney for the Champion Coal & Towboat Company has a statutory lien upon any and all amounts in any way or manner saved, recovered, or secured to or for said company; and that said lien attached when the claims of the Champion Coal & Towboat Company were placed in the attorney's hands for collection, and deny that the money sought to be collected has at any time been paid to the said Champion Coal & Towboat Company, but that the creditors of V. Shinkle have the right to collect the entire bond, and thereafter to distribute, less the fees due from the said Champion Coal & Towboat Company; and, in short, their answer may be taken as a traverse of appellant's right to be relieved from any liability on said bond.

The reply and amended response of appellant may be taken as a traverse of the affirmative matters in the answer, as well as a more specific statement of the grounds upon which he relied for relief; and in his amended response appellant pleads and relies upon the statute of limitation as a bar to the first bond executed by him, and alleges that it was barred by the statute of limitation at the time he executed the power of attorney to Amos Shinkle.

Various demurrers and motions were entered, in which the insolvency of Cochnower,, J. H. Williams, and the Champion Coal & Towboat Company was also set up. The court after hearing the testimony of Frank P. Helm, which we need not here recite, rendered the following judgment: "All matters relating to the response of said Dugan to said rule are now again submitted to the court, over the objection and exception of said Dugan. It is thereupon adjudged that said response is insufficient, and that an attachment issue forthwith against said Dugan, requiring him to pay so much of said bond as is directed by the order herein of December 23, 1895, to which ruling the said Dugan objects and excepts. The Master is directed to collect only so much as heretofore ordered, so that the said Dugan may not be obliged to raise the whole amount of the bond, and then have the balance remaining after the payment of the allowances, etc., returned to him; thereby, perhaps, causing him great inconvenience and trouble. To all of the above, said Dugan objects and excepts, and prays an appeal to the Court of Appeals, which is granted."

It seems that the Commissioner added together the amount of the two bonds heretofore copied, and from that took the *pro rata* to which the Champion Coal & Towboat Company was entitled on account of its claim filed against the estate of V. Shinkle. leaving $3,245.74, which sum, with interest, the appellant was adjudged to pay, and also adjudged to pay $1,250 attorney's fee to Fisk.

We are at a loss to know upon what ground the court below held it incumbent upon Dugan to pay any part of the smaller of the two bonds, he at no time ever having been security on the smaller bond now in existence, or the former one; nor are we prepared to

say that, under the pleadings and orders in this action, there was any sufficient ground to require him to pay the attorney's fee, even if he was bound upon the bond for the $8,667. We deem it unnecessary, however, to discuss these two propositions, for the reason that appellant had not in law executed the $8,667 bond. It is true that he was at one time bound as surety for the said Champion Coal & Towboat Company for $6,000, and for interest that accrued thereon until the bond became barred by the statute of limitations. It is perfectly clear that, at the time of the execution of the $8,667 bond, Dugan was not bound to the Master Commissioner, or to any one else, for any sum whatever on the first bond executed, because more than seven years had elapsed from the time the bond fell due before the execution of the last bond. This question was expressly decided in Bowen v. Helm, Master Comr., 19 Ky. Law Rep., 486, [41 S. W., 289]. See, also, Turner v. Rankin, 80 Ky., 179, and Reid v. Hamilton, 92 Ky., 623, [18 S. W., 770].

It will be further seen, from the report of the Master Commissioner in this case, that he in fact collected the $6,000 bond, with interest thereon, and presumptively from the principal therein, as there is no pretense that appellant was then and there present. But, even if we concede that the money was in fact not paid, still appellant was not at the time of the execution of the last-named bond, indebted to the Master Commissioner, or to the assigned estate, in any sum whatever; and the power of attorney only authorized Shinkle to sign appellant's name to a bond for $6,000, in place of the other bond, giving the date thereof, November 8, 1884. It is reasonable to conclude that as Dugan had, without loss, stood as security on the $6,000 bond until it was barred by the statute of limita-

tions, he was willing to again become the surety for the $6,000. But we are unable to see upon what theory it can be assumed that the power of attorney authorized, or was intended to authorize, Shinkle to execute a bond for $8,667. If it had been the intention of Dugan to execute a bond for the $6,000, with its accrued interest, it would have been very easy to have so stated in the power of attorney. It may be further remarked that it is not an unusual rule of business for the principal to pay the interest on deferred obligations, and then to again renew such obligation. It is no answer to the contention of appellant to say that the Master Commissioner or attorney in fact supposed Dugan intended to sign a bond for the principal and interest of the first bond. Shinkle was a special agent, or had a special power of attorney to do one particular act, which was to sign a $6,000 bond, and the Master Commissioner and all others were required by law to take notice of the authority conferred. It is said in Am. & Eng. Enc. Law, vol. 1, p. 351: "The principal of a special agent is only bound by the acts of the agent which are strictly in accordance with his authority, and a third party is bound at his peril, to ascertain the limit of the authority." Numerous authorities are cited in support of the foregoing statement of the law.

It will be seen, from the foregoing, that Dugan was, at the time of the execution of the last bond, released from any liability on the first bond, if he elected to plead the statute of limitations, and that the power of attorney only authorized the execution of a $6,000 bond; but, instead, the Master Commissioner procured the execution of a bond in an essentially different and much larger amount, and, such execution being beyond the

power of the attorney or agent, the execution thereof was void and of no effect, and, there being no liability then existing upon the first bond, no obligation was incurred by the appellant by the transactions or occurrences had at the time of the execution of the last bond.

For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with directions to discharge the rule, and for proceedings consistent herewith.