## Jones' Ex'r et al. v. Jones.

(Decided Dec. 6, 1938.)

B. S. GRANNIS for appellants.

JOHN P. McCARTNEY for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

W. W. Jones died November 26, 1935, leaving a will; the essential provisions being:

"First: I desire the payment of all my just debts and funeral expenses and direct my Executor to pay them as soon as possible after my decease.

"Second: All the remainder of my property of every kind and description I give to my son Paul Jones.

"Third: I appoint my friend Chas. E. Rhodes as Executor of this my last will and testament with power to sell and convey any or all of my real estate if necessary in the proper settlement of my estate."

The principal question in this case hinges on the meaning of the words "just debts" appearing in the first clause of the will. Jones signed a note for $6,000

as surety for J. C. McVey executed to the Peoples Bank of Fleming County on March 24, 1923. The interest on the note appears to have been paid up to the 24th day of March, 1936, and there is no indication that any demand for payment of the note was ever made on the principal, or on the surety, before his death. On the 25th day of September, 1929, Jones was found to be mentally incompetent to manage his affairs, and appellee, Paul Jones, his only son and heir, was appointed as his committee. Appellant Rhodes, executor of the estate of W. W. Jones, and cashier of the Peoples Bank of Fleming County, and the Bank, filed a petition in equity asking that the duty of the executor in the payment of the note in question be properly adjudicated; that all just claims against the estate of W. W. Jones be ascertained; and that the executor be ordered to pay such claims out of the funds in his hands. The petition and an amended petition set out that W. W. Jones frequently promised to pay the note on which he was surety, or so much thereof as might not be paid by the principal, and that these promises were made within seven years before the filing of the action.

In answering the petition, appellee set out that he had frequently asked the executor to plead the statute of limitations as a bar to the claim of the bank against the estate of W. W. Jones, deceased, but that the executor would not do so. He pleaded and relied on the seven year limitation statute pertaining to sureties (section 2551 of the Statutes) in his answer and denied that W. W. Jones had ever promised to pay the note on which he was surety, if not paid by the principal. He further denied that the estate would be bound in any manner by the alleged statements, if made, to pay the indebtedness. In reply, appellants stated that at the maturity of the note on March 24, 1924, and for a period of time continuing up to seven years thereafter, the real estate of the principal and the estate of W. W. Jones combined were not of sufficient value to pay the indebtedness against it and leave anything for appellee, and that suit for the claim was withheld at the request of the decedent.

Appellee's demurrers to the amended petition and the reply of appellants were sustained, to which ruling appellants excepted, and declining to plead further the cause was submitted to the court on the whole case. The court adjudged that the McVey note executed to the

Peoples Bank with W. W. Jones as surety was barred by the statute of limitations as pleaded by appellee. It was further adjudged that the petition on the part of the Peoples Bank of Fleming County setting up said note be dismissed and appellee recover his costs against the bank. It was further adjudged that the phrase, "just debts," used in the will of W. W. Jones, be construed as meaning "legal debts," and that the note on which W. W. Jones was surety was not a just or legal debt of the estate of decedent, the same having been barred by the statute of limitations as pleaded. Appellants appeal.

Appellants' contention that the statements made by W. W. Jones, within seven years after the note matured, as to the payment of the note, waived the statute of limitations and estopped such a plea will be disposed of first. Such statements do not come within our interpretation of "obstructing or hindering," a suit as provided in section 2552 of the Statutes. See Reid v. Hamilton, 92 Ky. 619, 18 S. W. 770, 13 Ky. Law Rep. 849, and cases cited therein.

The phrase "just debts" is one that is frequently used in wills. Indeed, its use is very much a custom in the writing of wills. The expression in a will of a desire that debts be paid is in reality directing that a thing be done which the law requires be done anyway. Counsel for appellants has ably sought to attach to the word "just," in connection with debts, special and moral meanings given the word in certain peculiar uses. It has long been held, however, that the direction in a will to pay "just debts" is not sufficient to waive the bar of limitations. The following quotation from 24 C. J. section 916, covers this point:

"An acknowledgment or admission contained in a will in which the debt is specifically mentioned may be sufficient to toll the statute of limitations, and it appears to be quite sufficient if in the form of a direction to the executor to pay the debt * * *. But a direction to *pay all 'just debts' is not sufficient to waive the bar.*" (Italics ours.)

This rule is set forth in the cases of Rogers v. Rogers, 3 Wend., N. Y., 503, 20 Am. Dec. 716; Peck v. Botsford, 7 Conn. 172, 18 Am. Dec. 92; Smith v. Porter, 1 Bin., Pa., 209. In a more recent case, In re Porter's Estate, 138 Cal. 618, 72 P. 173, in commenting on a pro-

vision of a will directing the payment of all just debts, the court went even further and said [page 174]:

> "Some stress is laid upon the direction in the first clause of the will to 'pay all my just debts,' but in this case we attach little importance to the words used in the formal manner in which they are used. They are much like the formal, meaningless terms of endearment and pious phrases printed in the formal part of blanks for making wills."

The note on which W. W. Jones was surety was past due when he made his will in 1926. It is reasonable to assume that had the decedent intended that the phrase "just debts" in his will be interpreted as a direction that his executor should pay the note on which he was surety he would have said so. But this he did not do.

Therefore, for the reasons given herein, we are constrained to uphold the interpretation given by the lower court to the phrase "just debts" used in the will of W. W. Jones, deceased, as meaning "legal debts"; thereby excluding the McVey note executed to the Peoples Bank of Fleming County on which the decedent was surety as a debt against his estate because it had been barred by the statute of limitations as pleaded by appellee.

Judgment affirmed.