## Newby's Adm'r v. Warren's Adm'r.

March 10, 1939.

J. S. SANDUSKY, Judge.

WESLEY & SON for appellant.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

In 1916, Emily Newby was adjudged to be a person of unsound mind and M. A. Dodson was appointed her committee with Marion Warren as surety on his bond. In 1926, Mr. Dodson died but no one has been appointed to succeed him in the office of committee. Emily Newby died in 1929 and the appellant, E. M. Montgomery, was appointed administrator of her estate a short time thereafter. In 1932, the surety, Marion Warren, died. This action was filed in 1935 against the appellee, Charles T. Warren, as administrator of the estate of Marion Warren to recover the sum of $964.30, alleged to be due Emily Newby's estate and never accounted for to her by her committee. Appellee answered, pleading the five-year statute of limitations, Kentucky Statutes, Section 2550, and the seven-year statute, Kentucky Statutes, Sections 2549 and 2551. Appellant filed a reply in avoidance of the limitations pleaded. He relies on Section 2525 of the Kentucky Statutes providing:

> "If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time of the cause of action accrued, an infant, or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

Appellee demurred to the reply. The demurrer was sustained and appellant declined to plead further. Thereupon the court dismissed the petition and this appeal followed.

At the outset we may eliminate Section 2550 (the five-year statute) from further consideration. That statute by its terms applies only to the surety "for an executor, administrator, guardian, or curator, or for a sheriff to whom a decedent's estate has been trans-

ferred.'' No mention is made in this section of a surety on the bond of a committee and we are referred to no authority requiring that we read this addition into the statute. Appellee insists that because Section 2149 of the Kentucky Statutes provides that a committee shall give bond ''in the same manner as a guardian'' it implies that the same limitation should be applied. This may be sound from the standpoint of legislative policy but the fact remains that the legislature has not included sureties on the bond of a committee and we are not at liberty to do so. There would be more force in appellee's contention if no other limitation period were provided in other sections. But sections 2549 and 2551 expressly cover sureties on bonds given in any judicial proceeding or on any other obligation or contract. These omnium-gatherum sections were a part of the General Statutes as was section 2550. It does not appear why the specific causes of action against certain types of sureties were accorded a shorter period of limitation than was fixed as to others. In any event, statutes of limitation have always been strictly construed and we do not feel impelled to read exemptions into section 2550 which are not expressly put there. We conclude therefore that appellee is not entitled to the benefit of the five-year statute but comes within the seven-year statute.

In the absence of Emily Newby's disability, it seems clear that the appointment of M. A. Dodson's administrator, following his death, in 1926, would be the latest point at which to commence the running of the statutory period. Of course, if we should take this incident as the starting point then the bar of the seven-year statute of limitations would have fallen in 1933 at the latest. We are left therefore with the question of whether or not section 2525 of the Kentucky Statutes quoted above applies.

In Reid v. Hamilton, 92 Ky. 619, 18 S. W. 770, 771, 13 Ky. Law Rep. 849, a suit was brought by a married woman against the surety on a note which had matured more than seven years before the action was commenced. In avoidance of a plea of the seven-year statute of limitations it was contended that the running of limitations was suspended as to the married woman by the provisions of section 2525. However the Court said:

> ''It seems to us very clear that the purpose of this section was simply to prolong in favor of persons

under disability the several periods prescribed by the preceding third article, within which the different classes of civil actions therein designated shall be commenced; and the saving or exception was not intended to apply at all to the distinct and subsequest provisions of article 6, for benefit of sureties, which are themselves exceptional.''

Reid v. Hamilton, supra, was followed in Bowen v. Helm, 41 S. W. 289, 19 Ky. Law Rep. 486, without comment. If Reid v. Hamilton, supra, and Bowen v. Helm, supra, are sound law, then of course the running of the statutory period in favor of the surety was not suspended by the disability of Emily Newby and the claim is now barred.

It will be noted that section 2525 applies to persons entitled to bring any of the actions mentioned in the third article of the chapter on Limitations. It relates to the kinds of action mentioned in article 3 and not to the persons against whom the actions might be brought. Section 2514 specifically mentions actions on the official bond of a committee and this is a part of article 3 of the chapter. The sections in regard to sureties do not mention specific causes of action but do fix the period within which actions against a surety may be maintained. It is a generally accepted rule that the statute of limitations does not begin to run until there is a person in being capable of bringing a suit. Thus in the chapter on Limitations of Actions in 17 R. C. L. 751, the text says:

"Though there is nothing in the statute expressing the necessity of there being, at the time of the accrual of the cause of action, some person or persons capable of suing or being sued upon the claim to be affected by the statute, in order that it may then begin to run, nevertheless, the courts have established this as a prerequisite. It needs no express terms or implication in the statute to establish its necessity in this respect. The existence of a person or persons to sue or be sued is involved in the accrual of the cause of action which the statute prescribes as the time of its commencement, for unless there be such a person, a cause of action cannot accrue, and the statute will not commence to run."

Plainly, the logical application of Reid v. Hamilton,

supra, leads to an anomaly in the law. In the case before us, under section 35 of the Civil Code of Practice, Emily Newby could not prosecute an action after the death of Mr. Dodson except by a next friend if she had mentality enough to find one. The result would be, had she lived more than seven years after Mr. Dodson's death, that her estate would be left without recourse against the surety after her disability was removed. Certainly such an inequitable rule should not be countenanced unless plainly required by the statutes.

In Funk v. Wingert, 134 Md. 523, 107 A. 345, 6 A. L. R. 1686, it was contended that the appointment of a committee for a lunatic operated to commence the running of limitations against him, under a statute substantially like section 2525. The court refused to accept this principle and said (134 Md. page 527, 107 A. page 346, 6 A. L. R. page 1689):

"(1) Such a construction leaves that clause without any real meaning, because a lunatic, or infant, is never under disability to sue substantially in the way he can sue after the appointment of a committee or guardian.

"(2) The mere disability to sue was not, in our opinion, the only reason for the saving clause. It might well happen that facts necessary to maintain a suit could be proved only by the lunatic, or that information as to witnesses could be furnished only by him.

"It seems clear to us that the disability meant by the Legislature was the general disability of lunacy or infancy as to the care of property and the safeguarding of rights."

Certainly, if the appointment of a committee does not affect the operation of the statute, the right to proceed by a next friend would not do so either. Where the cause of action accrues to the individual under disability the exemption of section 2525 was designed to protect him, and to hold that it did not, in an action that might also be maintained by a committee or next friend, would be to deny all efficacy to the statute.

As we have pointed out above, this particular kind of cause of action is mentioned in article 3 of the chapter on Limitations. As we have also seen, Emily Newby was not herself capable of bringing an action. The fact

that a next friend might have sued does not alter the suspension of the statute during the continuance of the disability. We are forced to conclude, therefore, that the decision in Reid v. Hamilton, supra, on this question is wrong and, together with Bowen v. Helm, supra, it is to this extent overruled.

It follows that the limitations on the cause of action here involved commenced to run when Emily Newby died in 1929 and administration was granted on her estate. This suit was filed within seven years after that time.

No explanation is offered for the delay of six years by appellant in bringing this action and whether or not he may be barred by laches from now maintaining it is, of course, not here determined.

Judgment reversed.

Whole court sitting.