**PLAZA BOTTLE SHOP, INC.,**
Appellant,

v.

**AL TORSTRICK INSURANCE AGENCY, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

Rehearing Denied May 9, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 28, 1986.

David M. Andrews, Lexington, for appellant.

Ronald L. Green, Glenn S. Bagby, Lexington, for appellee.

Before CLAYTON, DUNN and McDONALD, JJ.

McDONALD, Judge:

The appellant, Plaza Bottle Shop, Inc., has appealed from an adverse ruling on a motion for summary judgment. The judgment dismissed appellant's complaint against the appellee, Al Torstrick Insurance Agency, Inc., on the basis that the action had not been filed within the one-year statute of limitations as set forth in KRS 413.245, the statute pertaining to actions for professional malpractice.

The factual background is alleged to be that from May, 1978, to 1983, Torstrick provided all the insurance coverage for Pla-

za Bottle and was its agent for that purpose. Plaza Bottle was advised to purchase one or more policies with United States Fire Insurance Company covering such risks as workers' compensation, personal property, plate glass, mercantile robbery, bodily injury and property damage liability. It relied exclusively upon Torstrick for its liability coverage needs and for placement with appropriate carriers of such coverages. Such reliance was known and encouraged by Torstrick.

The carrier of the policies supplied as an endorsement "Coverage X" which covered liability for situations where "such liability is imposed upon the insured by reason of selling, serving or giving of any alcoholic beverage at or from the insured premises...." In the trade, this is commonly referred to as dramshop liability coverage. Basically, it protects against claims for injuries to patrons or others resulting from the sale of intoxicating beverages by the insured establishment.

The policies selected for and sold to Plaza Bottle did not have "Coverage X." During the policy periods applicable, Plaza Bottle was sued in two separate suits for the deaths of three teenagers killed in two separate incidents. The allegations were that the teenagers purchased alcoholic beverages from Plaza Bottle, and this fact caused or contributed to their deaths.

Plaza Bottle's insurer defended the cases initially but refused to afford further defense because there was no contract between the parties for dramshop coverage. A judgment in a separate declaratory judgment action permitted the carrier to retire from the field of battle and left Plaza Bottle to go its defense alone. Plaza Bottle claims it first learned that it had no insurance applicable to these matters in November, 1980, when the carrier notified it of such.

On August 9, 1983, this action was filed against Torstrick for its negligence in failing to inform its client about dramshop coverage or the need therefor and in failing to procure "Coverage X" based upon the insured's need of such coverage, all of which was a breach of the duty owed by Torstrick, the agent, to Plaza Bottle.

■ Summary judgment was granted, as stated hereinbefore, on the ground that the action was barred by the provisions of KRS 413.245. Clearly, the appellant's cause of action began to run in November of 1980 when it was informed there was no liquor liability coverage, not when the insurer declared or when it was determined it had no duty to defend or, as appellant urges, not when the judgments were rendered in the wrongful death actions. Thus, the trial court's judgment would be sound if KRS 413.245 were applicable; however, we do not believe it is and we reverse.

■ KRS 413.245, Actions for professional service malpractice, provides as follows:

Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of *any act or omission in rendering*, or failing to render, *professional services* for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or *reasonably should have been*, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability. [Emphasis added.]

The sole issue for our consideration in this appeal is whether the services rendered by an insurance agent are "professional services" as contemplated by the statute. KRS 413.243 defines "professional service" as "any service rendered *in a profession* required to be licensed, administered and regulated as professions in the Commonwealth...." (Emphasis added.) It is significant to the issue before us that the statute does not provide that such services include any services rendered in a *trade or occupation* required to be licensed. The mere fact that one is licensed or regulated by the state does not make his

services "professional" within the purview of this statute. The appellee's assertion that a broad interpretation be given this statute to include all who are licensed would result in the inclusion of embalmers, realtors and beauticians, a result we believe unreasonable, absurd and clearly not reflective of the intent of our legislators. Although the previous rule in Kentucky was that statutes of limitations should be strictly construed, *Newby's Adm'r v. Warren's Adm'r*, 277 Ky. 338, 126 S.W.2d 436 at 437 (1939), KRS 446.080 provides that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature...." We should strain neither the facts nor the statute in favor of its application and thereby extend or apply KRS 413.245 to include insurance agents unless it is clear the legislators intended this class to fall within its provisions. *See* 51 Am.Jur.2d *Limitations of Action* § 50 (1970). As stated hereinabove, we do not believe our lawmakers so intended. In fact, we have no reason to believe the legislature intended the statute to apply to those practicing any vocations other than the traditional ones or to those commonly thought of as "professions."

Originally, and historically, the word "profession" was applied only to law, medicine, and theology or divinity, and these were known as the three "learned professions," and it has frequently been said that formerly these were specifically known merely as "the professions." 72 C.J.S. *Profession* § 4–5 (1951).

Although today a "profession" connotes other vocations such as accounting, engineering and teaching, the admission to which requires higher education, special knowledge and training, we do not believe insurance agents, who need have no more education than a high school diploma to qualify for a license (KRS 304.9–105(4)(a)), fall within the purview of the statute.[1]

 For the reasons stated, we are of the opinion that Plaza Bottle's cause of action against Torstrick for its negligence in failing to procure insurance coverage based on the agency relationship is encompassed within KRS 413.120(1), an action upon a contract not in writing, express or implied, the five-year limitation.

The summary judgment is reversed and the trial court is respectfully directed to reinstate appellant's cause of action. Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

All concur.

---

**1.** We do note, in passing, that medical professionals have a separate limitations statute, KRS 413.140(1)(e) and that to date all the reported cases under KRS 413.245 concern actions for legal malpractice.