916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Burtle J. MARTIN and Denise L. Martin, Plaintiffs-Appellants,
v.
STARR-THOMPSON & BIRD INSURANCE, INC., Defendant-Appellee.
 No. 90-5203.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This negligence action based on diversity of citizenship involves an insurance agency ("defendant") and Burtle and Denise Martin ("plaintiffs"). Plaintiffs allege that defendant breached a duty to recommend to or procure for an insured a particular insurance coverage.
 
 
 2
 On February 25, 1984, plaintiffs sued Ralph Koonce ("Koonce") for damages arising out of a motor vehicle accident involving plaintiffs and Koonce. Koonce admitted liability, and a judgment was entered against Koonce for $469,696.94 in favor of plaintiffs. Koonce previously had procured automobile liability insurance through defendant for the minimum coverage limits necessary to satisfy Kentucky law. Accordingly, Koonce's insurance carrier paid plaintiffs $10,000; Koonce was personally liable for the remainder. To satisfy this judgment, Koonce assigned to plaintiffs any and all claims which Koonce had against defendant.
 
 
 3
 Plaintiffs then brought the instant suit against defendant, alleging that defendant negligently failed to recommend or suggest any coverage for Koonce other than the minimum legal coverage limits. Following discovery, defendant moved for summary judgment. The District Court granted defendant's motion. This appeal followed.
 
 
 4
 Ralph Koonce, a farmer with an eighth grade education, purchased automobile liability insurance policies through defendant or its predecessor since 1965. Koonce conducted extensive business with defendant, purchasing insurance policies for ten or eleven vehicles from 1980 to 1985 alone. Koonce also purchased through defendant commercial insurance policies for his farm trucks.
 
 
 5
 Koonce and defendant had minimal interaction notwithstanding the numerous transactions conducted between these parties. In each transaction, Koonce would walk up to the person seated at the front desk of defendant's business and would state that he only wanted to purchase the minimum automobile liability insurance coverage necessary to satisfy the requirements of Kentucky law. Koonce never sought from an employee of defendant information relating to any of the following issues: specific coverage limits of his policy; options or rates for additional coverage; or the sufficiency of his coverage in light of his assets. Nor did any employee of defendant volunteer such information to Koonce. Indeed, Koonce stated in his deposition that he had no interest in buying any more insurance besides the minimum legal coverage.
 
 
 6
 At the time of the 1984 accident with plaintiffs, Koonce was insured by a policy purchased through defendant containing the minimum bodily injury liability limits. Plaintiffs initiated an action against Koonce in February 1985. Two months after this action was initiated, Koonce moved his insurance business to another insurance agency. Koonce specifically ordered and purchased minimum limits liability coverage from this insurance agency even though the Martins had sued him for $1.5 million.
 
 
 7
 The sole issue before this Court on appeal is whether the District Court erred in its order granting summary judgment. When an appeals court reviews the grant of summary judgment, the District Court's legal conclusions are reviewed de novo and all reasonable inferences are made in favor of the non-moving party. Pinney Dock and Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Federal district courts sitting in diversity cases must apply the rule of the appropriate state as declared by the legislature or highest court of the state. Erie R.R. Co. v. Tomkins, 304 U.S. 64 (1938). If the legislature or highest court has not spoken, the federal court must determine what the state law is based on all available data, including the restatements of law and decisions of other jurisdictions. Bailey v. V & O Press Co., 770 F.2d 601, 604 (6th Cir.1985).
 
 
 8
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Recent Supreme Court pronouncements make clear that Rule 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment need not support its motion with evidence negating the opponent's claim, but the moving party must affirmatively show the lack of evidence in the record. Id. at 323, 330. Once the moving party does this, the non-moving party, having the burden of persuasion on an essential element at trial, must come forward with evidence that demonstrates the existence of a genuine issue for trial. Id. at 324, 332.
 
 
 9
 We turn then to the two requirements necessary to grant summary judgment in this case: first, does the law of Kentucky impose a duty on an insurance agent to advise an insured regarding "sufficient" automobile liability insurance coverage; second, do any genuine issues of material fact exist which would preclude summary judgment.
 
 
 10
 Kentucky courts appear to have recognized a cause of action by an insured against an insurance agent for failing to advise the insured regarding insurance coverage. Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc., 712 S.W.2d 349 (Ky.Ct.App.1986). Plaza Bottle, however, sheds little light on the elements of this cause of action. The Plaza Bottle court addressed the issue of whether the services rendered by an insurance agent fell within the statutory definition of "professional services" and thus were governed by a particular statute of limitations. Although acknowledging the viability of this cause of action, the Plaza Bottle court did not define the elements of this cause of action. The District Court and this Court, therefore, are placed in the unenviable position of attempting to anticipate a ruling of Kentucky's highest court in this area of the law.
 
 
 11
 Notwithstanding its vagueness, Plaza Bottle does provide some guidance. The insurance agent in Plaza Bottle advised the insured regarding the type of policies necessary for adequate liability coverage. The suit focused on the agent's failure to recommend a particular type of coverage which was common in the insured's line of business. Moreover, the Plaza Bottle court emphasized that the defendant knew of and encouraged plaintiff's reliance on defendant for all of its insurance coverage. The plaintiff there relied upon defendant for advice concerning what aspects of its business should be insured and for suggestions on the appropriate amount of coverage. Id. at 350.
 
 
 12
 Accordingly, we conclude that the cause of action recognized by Kentucky is comprised of at least two elements. First, the insurance agent must have a contractual duty to provide advice regarding "sufficient" insurance coverage or, in the absence of a contractual duty, voluntarily undertake to hold out such advice to a customer. We do not believe that Kentucky has imposed a general affirmative duty on an insurance agent to advise a customer on what constitutes "sufficient" coverage, and we decline to impose it. Second, an insurance agent must know that the customer is relying on it for a particular type or amount of insurance coverage. Evidence of this reliance can be gathered from the parties' communications or from the circumstances surrounding their relationship.
 
 
 13
 This holding is in accordance with relevant agency law. Generally, an insurance agent assumes only those duties normally found in an agency relationship. This includes the obligation to act in good faith and to use reasonable care, diligence, and judgment in procuring the insurance requested by the insured. Hardt v. Brink, 192 F.Supp. 879 (W.D.Wash.1961); 16A Appelman, Insurance Law & Practice, Sec. 8836, at 64-67 (1981). Of course, an agent may assume and be liable for additional duties created by an express agreement or a "holding out." Hardt, 192 F.Supp. at 881. Yet the normal agency relationship imposes no affirmative duty on the part of the agent to advise the insured on specific matters.
 
 
 14
 Further, this holding is in agreement with decisions in other states. See Jones v. Grewe, 189 Cal.App.3d 950, 235 Cal.Rptr. 717 (1987); Sandbulte v. Farm Bureau Mut. Ins. Co., 343 N.W.2d 457 (Iowa 1984) (holding that neither years of service to a customer nor a customer's request for "sufficient" coverage created an expanded principal-agent relationship); Fleming v. Torrey, 273 N.W.2d 169 (S.D.1978) (holding that an insurance agent had no duty to volunteer advice regarding coverage limits because the insured did not request the agent's advise as to liability limits but instead ordered a specific monetary limit). Imposing an affirmative duty upon an insurance agent to advise a customer as to "proper" or "sufficient" coverage in the absence of an express contract to provide such advice or a voluntary "holding out" would in effect make the agent a blanket insurer for his principal. We do not think the highest court of Kentucky would create such a broad duty in light of Plaza Bottle.
 
 
 15
 Based on the elements of this cause of action, we conclude that plaintiff has failed to come forward with sufficient evidence to preclude summary judgment. The record contains no facts from which it could reasonably be inferred that defendant had a duty to advise Koonce regarding "sufficient" insurance coverage. Defendant never expressly agreed to provide Koonce with this advice. Nor did defendant volunteer this type of information to Koonce. In their brief, plaintiffs admit that Koonce did not avail himself of defendant's expertise. Moreover, Koonce never communicated directly or indirectly to defendant that he was relying on defendant to provide him with "sufficient" coverage. Koonce requested a policy with a specific coverage limit, and defendant provided him with such a policy. Indeed, Koonce continued to maintain insurance policies with the minimum legal coverage limits even after plaintiffs initiated suit against him. This act is evidence that Koonce was not relying on defendant for sufficient coverage, but rather sought only to purchase the minimum legal insurance coverage, regardless of circumstances. Plaintiffs, therefore, have failed to make a sufficient showing on at least two essential elements of their case--the existence of a duty and defendant's awareness of plaintiff's reliance--on which they have the burden of persuasion at trial.
 
 
 16
 For the foregoing reasons, we AFFIRM the decision of the District Court to grant defendant's motion for summary judgment.